(109 App. Div. 659)

## VOHMANN et al. v. MICHEL et al.

(Supreme Court, Appellate Division, Second Department. December 8, 1905.)

1. ESTOPPEL—SILENCE—ABSENCE OF PREJUDICE.

Plaintiffs, who were trustees of an estate, loaned money to defendant. A co-trustee with plaintiffs procured defendant to repay the money, and gave him a forged satisfaction piece of the mortgage securing the loan, and embezzled the money thus obtained. Plaintiffs did not discover the theft and forgery of their co-trustee for about a year, and soon after such discovery the co-trustee absconded. About that time two of the cestuis que trustent executed a gratuitous release to plaintiffs of all claims against them by reason of the transaction. The other two cestuis que trustent were still infants. Held, that plaintiffs' failure to inform defendant of the forgery of their co-trustee immediately upon the discovery thereof did not estop them to sue for the amount of the loan, in the absence of any conscious wrongdoing by plaintiffs, or of anything done or omitted to be done by defendant through reliance on plaintiffs' conduct.

2. TRUSTS—MANAGEMENT OF ESTATE—EXECUTORS AS TRUSTEES.

Where testatrix devised her residuary estate, not to executors and trustees, but to trustees, a loan by the trustees of a portion of the residuary estate and the taking of a mortgage to secure the loan was not an executorial act, but an act as trustees, although the trustees were also the executors named in the will, and had, at the time of the loan, not accounted nor been discharged as executors, and had not formally transferred the estate from themselves as executors to themselves as trustees.

3. SAME—LOANS BY TRUSTEES—REPAYMENT TO SINGLE TRUSTEE.

Trustees who had loaned trust funds were entitled to recover the same from the borrower, although the latter had, without negligence on his part, repaid the loan before it was due to a single trustee by a check payable to such trustee alone, and had received from him a forged satisfaction piece of the mortgage securing the loan, where the trustee to whom payment was made embezzled the money paid to him.

4. MORTGAGES—PRIORITIES—EFFECT OF FORGED RECORD.

One who makes a mortgage loan upon the faith of a forged satisfaction piece of a prior mortgage stands in no better position than his mortgagor as to the prior mortgagees.

Appeal from Special Term, Richmond County.

Action by Carl Vohmann and others, as trustees under the will of Louise Pommer, deceased, against John Michel and others. From a judgment of dismissal on the merits, plaintiffs appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, HOOKER, and MILLER, JJ.

Frederic W. Hinrichs, for appellants.
J. Culbert Palmer, for respondents.

MILLER, J. We have to deal only with the first cause of action alleged, as it was conceded on the argument that the dismissal of the complaint as to the second cause of action was proper. By the will of Louise Pommer, who died March 12, 1897, her residuary estate was devised in express terms to three trustees, in trust to invest and keep invested, to collect the income, issues, and profits thereof, and to apply the same to the use of four children in equal proportions until they should respectively attain the age of 25 years. Carl Coenen and the

plaintiffs Carl Vohmann and Hermann Mecke were appointed executors of said will and trustees of the trusts therein created, and duly qualified both as executors and trustees. On the 16th day of February, 1899, said Coenen, Vohmann, and Mecke loaned the defendant Michel from said residuary estate the sum of $6,500, and took the bond of said Michel, in terms payable to said Coenen, Vohmann, and Mecke, individually, but secured by a mortgage payable to them as "executors and trustees of the estate of Louise Pommer, deceased." The principle sum thus secured did not become due according to the terms of said bond and mortgage until the 15th day of February, 1902. In November, 1900, said Coenen, acting through one Cossman, who appears to have been the agent of both parties, procured said Michel to make a payment of $1,500 on the principal sum thus secured, which payment was made by a check payable to the order of "Carl Coenen, Trustee"; and on November 26, 1900, he likewise obtained the payment of the balance of said principal sum by a check payable to his order "as trustee of Louise Pommer," and caused to be delivered to said Michel a satisfaction piece of said mortgage, dated November 3, 1900, purporting to be signed and acknowledged by each of said three trustees. The signature and acknowledgment of said Mecke were obtained by said Coenen by false representations, and the signature of said Vohmann was a forgery, and the certificate of acknowledgment false. The money thus obtained by Coenen was stolen by him. Upon the faith of said transaction the mortgage was discharged of record and a new loan was made by the defendant Horrmann to said Michel, to whom said Michel gave a new bond and mortgage covering the same property. The theft and forgery of Coenen were not discovered by his co-trustees until September 20, 1901, and on the 5th day of October, 1901, said Coenen absconded, and has since resided in Germany. Shortly after said discovery two of the cestuis que trustent, who were then of age, executed a release to said Vohmann and Mecke of all claim against them by reason of said transaction, and signed receipts to said Coenen, each acknowledging the payment to him of his distributive share of his mother's estate. Only one of said cestuis que trustent had then arrived at the age of 25 years, and the other two were still infants. Nothing, however, was paid to the two executing releases and receipts as aforesaid, and nothing was said to the defendants Michel and Horrmann in reference to the discovery of said forgery and theft. Said Coenen appears to have had the bond and mortgages in his possession, and to have been the most active of the three trustees in the management of the estate, as said Mecke resided in North Carolina and said Vohmann was in Staten Island, where said transaction occurred, only at intervals. The plaintiff Frank C. Pommer has been substituted as trustee in place of said Carl Coenen. This action is now brought by the trustees to obtain a cancellation of the satisfaction of said mortgage and the record thereof, and a foreclosure, and from the judgment of the Special Term in favor of the defendants, plaintiffs appeal.

It is conceded that, if the bond and mortgage were held by Coenen, Vohmann, and Mecke as trustees, the satisfaction and discharge thereof before due required the united action of the three trustees, and this is so clearly the correct rule as to require no discussion; but it is urged

on behalf of the respondents, in support of the judgment, that they
held the bond and mortgage as executors, and not simply as trustees,
and that therefore the act of one in accepting payment and executing
a dis harge was valid, and that in any event the plaintiffs are estopped
from now asserting the invalidity of the discharge by reason of their
failure to inform the defendants Michel and Horrmann of the forgery
immediately upon the discovery thereof.  The decision of the learned
court at Special Term appears to have been rested principally upon the
claim of estoppel; but it is very difficult to find in this record all the
elements essential to establish an estoppel in pais, even though we over-
look the fact that such estoppel is asserted against trustees in their
representative capacity.  The defendants do not assert that said Coe-
nen had any property from which they could have recovered any por-
tion of the amount stolen by him, and it is entirely probable that, had
they been informed immediately of the facts, they would have rested
upon the assertion now made that the satisfaction was valid; but it is
claimed that the right to resort to the criminal law was a valuable right,
the loss of which, even without any other damage, was sufficient injury
to uphold the claim of an estoppel, and, as there are authorities to that
effect, we may assume, without deciding, that such is the law, and still
the evidence fails to establish an estoppel.  It is not claimed that the
defendants were actually misled, or that they did anything or failed
to do anything because of actual reliance upon any conduct of the plain-
tiffs.  They possibly might have had Coenen arrested, had they been
informed promptly of the forgery; but their failure to have him arrest-
ed was not due to their reliance upon the performance of any duty
which they assumed would be performed.

This is not like the case of the return of vouchers by a bank to a
depositor, and kindred cases relied upon by the respondents.  In such
case it is held the depositor owes a duty of examination within a reason-
able time, and, in case of detected forgery, of imparting information
thereof to the bank, which relies on the assumption that after a rea-
sonable time such duty has been performed and such vouchers found
correct.  In this case the defendant Michel dealt exclusively with said
Coenen, made the checks payable to him as trustee, and, of course, be-
lieved that the signatures and acknowledgments to the satisfaction piece
were genuine; but he did not expect that the other two trustees would
do anything further in  the matter, and, of course, did not refrain from
doing anything relying upon a belief that they would.  Can it be said
that the plaintiffs were "consciously in the wrong," as said by Judge
Finch in Collier v. Miller, 137 N. Y. 332–341, 33 N. E. 374, that they
supposed the defendant was being injured by their silence, or that he
was in any way relying upon such silence?  I think the case last cited
and the case of Viele v. Judson, 82 N. Y. 33, are against the respond-
ents' contention.  Certainly the defendant can claim nothing by reason
of the releases and receipts executed by the two adult cestuis que trust-
ent, which were without consideration, did not in the slightest affect
or prejudice his rights, and to which he was a total stranger.  But,
independently of the foregoing, no case is called to our attention,
similar to the case at bar, in which trustees are held to have been es-
topped in their representative capacity.  On the contrary, authority

is abundant for the proposition, not only that a person dealing with a trustee is chargeable with notice of the trust conditions, but that he who takes trust property in violation of such conditions takes it subject to the right, not only of the cestui que trust, but of the trustee as well, to reclaim possession. This proposition was so recently decided by this court as to require no further discussion here. Ludington v. Mercantile National Bank, 102 App. Div. 251, 92 N. Y. Supp. 454, affirmed in the opinion of Mr. Justice Bartlett, 182 N. Y. 522, 74 N. E. 1119. If trustees who convey trust property in violation of the trust conditions can reclaim the same, they certainly cannot be estopped by mere silence under the circumstances disclosed in this case, particularly where two of the cestuis que trustent are still infants. If, therefore, the bond and mortgage were owned by trustees, and not executors, the judgment must be reversed, because the defendants can claim nothing by reason of a void instrument from which the estate derived no benefit.

The respondents rely upon the fact that the executors had never accounted or been discharged as such, and that there never had been any formal transfer of the estate from themselves as executors to themselves as trustees. The act itself, when viewed in the light afforded by the will, leaves no room for doubt as to its character. The money was paid by the defendant Michel more than three years after the death of the testatrix. As expressly found by the court at Special Term, this money was a portion of the residuary estate. It had been invested by said Coenen, Vohmann, and Mecke, and the investment in bond and mortgage of a residuary estate devised to trustees is not an executorial act. Where the same persons are appointed executors and trustees, and their duties in both capacities coexist, and the will does not sharply define the limitations of each, it may be difficult always to determine whether a precise act is that of an executor or trustee, although even then it would seem that the character of the act would ordinarily determine whether it was executorial. But it is unnecessary to review the authorities bearing upon the question under the conditions referred to, for the reason that the will in the case at bar clearly defines the act in question as that of a trustee. The residuary estate was devised, not to executors and trustees, but to her trustees in trust. The testatrix carefully limited the investment and management of her residuary estate to trustees, and appointed the persons named executors of her will and trustees of the trust therein created. The defendant Michel was not misled as to the representative character of the persons with whom he was dealing. He knew, or was chargeable with knowledge, that by the terms of the will the investment of the residuary estate was the act of trustees. He knew, or was presumed to know, that a valid discharge of the mortgage before it was due could only be given by the three trustees. He in fact recognized the character of the persons with whom he was dealing, because the checks in payment of the mortgage were payable to Coenen as trustee. As the result of Coenen's forgery, the defendant Michel supposed that he was getting a discharge of the mortgage executed by all three trustees. The instrument which he got was in fact a nullity, and there is no principle of law or equity which requires the estate to bear the loss, even though Michel may not have been negligent. Of course, Horrmann made the new loan upon the

faith of the record resulting from the forged satisfaction piece, and is in no better position than his mortgagor.

The judgment, so far as it awards costs to the defendants and dismisses the complaint respecting the first cause of action alleged, must be reversed, and a new trial granted; costs to abide the final award of costs. All concur.

