The judgment must be reversed, because the trial court admitted hearsay evidence against the defendant. Against the objection and over the exception of the defendant, the court permitted the husband of the plaintiff to testify to declarations made by the plaintiff as to the condition of her health and as to the injuries from which it is claimed she suffered. A physician, called by the plaintiff, was also permitted to testify to declarations by the plaintiff of the same character, which were made several months after the accident. This testimony was hearsay evidence and, as such, should have been excluded.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

(128 App. Div. 874.)

### In re HASSELBROOK'S ESTATE.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

1. WILLS (§ 344*)—PROBATE—DECREE—REQUISITES.
   Under the express provisions of Code Civ. Proc. § 2623, a decree admitting a will to probate must state whether or not the probate was contested.
   [Ed. Note.—For other cases, see Wills, Dec. Dig. § 344.*]

2. WILLS (§ 427*)—PROBATE—QUESTIONS CONCLUDED.
   The mere probate of a will is conclusive only as to formal validity.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 916; Dec. Dig. § 427.*]

3. EXECUTORS AND ADMINISTRATORS (§ 460*)—ACCOUNTING.
   One claiming to be interested in his grandfather's estate, but who was not cited and did not appear in proceedings for the settlement of the administrator's account, was entitled to a citation requiring the administrator to show cause why he should not account, which citation should bring in all parties cited to the original account or who appeared thereon.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1975, 1980–1982; Dec. Dig. § 460.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the estate of John H. Hasselbrook, deceased. From an order directing the administrator to account, he appeals. Proceedings modified, and, as modified, order affirmed.

This is an appeal by an administrator c. t. a. from an order of the Surrogate's Court of Kings county. In 1905 the decedent died, leaving a last will and testament, which was admitted to probate in that year by the surrogate of Kings county. The decedent left him surviving three children, who are named in the will as his sole legatees and devisees, and a grandson, the son of a deceased daughter, who is the petitioner in these proceedings, and is not named in the will. The petitioner was cited and appeared by his special guardian upon the probate of the will. A judicial settlement of the administrator's account was had, and distribution was made in accordance with the decree of the Surrogate's Court on March 19, 1906. The petitioner was not cited, nor did he appear in the accounting proceedings. On February 6, 1908, a petition was filed asking for a citation requiring the appellant to show cause why he should not make and settle his account as administrator c. t. a. Citation was then issued in accordance with the prayer of said petition. The order directs the administrator to account, and reserves as to all parties all

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

questions as to the construction, interpretation, and validity and effect of the said will. The appellant's answer alleged inter alia that the will bequeathed the property to the persons named therein, and that the respondent was not a creditor nor a person interested in the estate of the decedent.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Benjamin F. Kraft, for appellant.
Nicholas Dietz, for respondent.

JENKS, J. The decree for probate should have stated whether probate was contested. Section 2623, Code Civ. Proc. But the decree is not in this record, and all that appears therein is that there was probate. The case, then, is not complicated by the fact that the petitioner appeared by special guardian at the probate, inasmuch as the mere probate is conclusive only as to formal validity. Jessup on Surrogates' Prac. 187; Redfield's Law and Practice of Surrogates' Courts (5th Ed.) pp. 855, 856. As I read the judgment in Matter of Killan, 172 N. Y. 547, 65 N. E. 561, 63 L. R. A. 95, the learned surrogate is right in his disposition of this petition. As he has expressly reserved all questions as to the construction, interpretation, validity, and effect of the will, in so far as the same may arise or be necessary to pass on in the disposition of these proceedings, he can upon this proceeding determine first whether the petitioner has any standing, thereupon, if he has, the surrogate can require the accounting; but the citation should be so amended as to bring in the parties who were cited to the original account or appeared upon it. See Matter of Killan, supra.

The proceedings should be thus modified, and, as thus modified, the order should be affirmed, but without costs. All concur.