(79 Misc. Rep. 650.)

.　PEOPLE ex rel. MOSCOVITZ v. O'LOUGHLIN, Register of Deeds.

(Supreme Court, Special Term, Kings County.　March 3, 1913.)

1. MORTGAGES (§ 313*)—CERTIFICATE OF SATISFACTION—VALIDITY.

Where a certificate of the satisfaction of a mortgage payable to several persons as trustees was made by one trustee alone, and before the mortgage became due, it was invalid, though the other trustees were temporarily absent from the county.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 909; Dec. Dig. § 313.*]

2. TRUSTS (§ 239*)—COTRUSTEES—PERFORMANCE OF DUTIES.

The several trustees of a single trust form but one collective trustee, and therefore must execute the duties of the office in their joint capacity.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 346; Dec. Dig. § 239.*]

Motion for peremptory writ of mandamus by the People, on the relation of Isidor David Moscovitz, against Edward T. O'Loughlin, as register of the county of Kings.　Motion denied.

S. M. & D. E. Meeker, of Brooklyn, for the motion.

Herman N. Hansen, of New York City, opposed.

BENEDICT, J.　This is an application for a peremptory writ of mandamus, addressed to the register of the county of Kings, to require him to receive and file a certain certificate of satisfaction, and thereupon to satisfy a mortgage made by Christopher C. Mollenhauer to W. Irving Clark, Edwin C. Van Wart, and W. Irving Van Wart, as executors of and trustees under the last will and testament of Washington Irving, Jr., deceased, which mortgage was dated on November 17, 1911, and was given to secure the payment of the principal sum thereby secured, $11,900, on November 1, 1916.

[1] The relator is now the owner of the equity of redemption of the mortgaged premises, and in his petition alleges that on January 31, 1913, he paid to W. Irving Clark, one of the mortgagees above mentioned, the principal sum secured to be paid by said mortgage, together with the interest thereon, and received from said Clark a certificate of satisfaction signed only by himself, and not by his coexecutors and cotrustees.　It was this paper which the relator presented to the respondent herein with a tender of the legal fees for satisfying said mortgage, but the respondent refused to accept the certificate or to satisfy the mortgage, on the ground that it was insufficient in law, in that it was not also executed by the two other persons named in the mortgage as executors and trustees.

[2] The question is thus presented: Is the certificate sufficient to authorize this court to direct the register to satisfy the mortgage of record?　Of course, if the mortgage ran by its terms only to three executors, any one or more of them could upon receipt of the moneys secured by it satisfy the mortgage, but a different rule applies where the mortgage is by its terms made payable to, or is held under an assignment by, persons acting as trustees of an express trust, as is

the case here. "Where the adminstration of the trust is vested in cotrustees, they all form as it were but one collective trustee, and therefore must execute the duties of the office in their joint capacity" (1 Lewin on Trusts, 258. See, also, 39 Cyc. 307); and one of several trustees cannot make a valid certificate of satisfaction alone. This rule has at times been relaxed in favor of the mortgagor in cases where the application of the rule, strictissimi juris, would work hardship, as, for example, where some of the trustees were and had been outside the jurisdiction for a long while. People v. Sigel, 46 How. Prac. 151, is cited in support of this proposition. In that case, however, the cotrustee having been absent abroad for a number of years, Judge Van Vorst held that it was a proper case to direct a cancellation of the mortgage, the facts in the case establishing a concurrence of the absent trustee in the action of the resident trustee; but the decision was expressly stated to be limited to "the peculiar facts, conditions and necessities of this case, and is not to be regarded as any relaxation of the rules which apply to the powers or duties of trustees, or of the legal proof required by the register to satisfy mortgages provided for by the .statute." In that case, unlike the one at bar, the principal of the mortgage was due. My attention has also been called to two decisions at Special Term in the First Department which bear on this question. In one of these, Galinger v. Morrison, 140 N. Y. Supp. 487, Mr. Justice Greenbaum granted the writ in a case where there was no trustee qualified to act, the sole trustee having died, but his executor being before the court. In the other of these cases Mr. Justice Bischoff granted the motion, without opinion (Matter of Goodman, L. J. May 2, 1911), where two trustees had executed the certificate; the papers stating that the third trustee .was "not within reach" and "his present whereabouts unknown." The affidavit of W. Irving Clark, attached to the moving papers states that his co-trustees do not expect to return to this country "until on or about the first day of April, 1913," and it is a fair inference that they will return at that time. This fact taken in connection with the fact that the mortgage itself is not due by its terms for some years, differentiates this case from those noticed.

In Vohmann v. Michel, 109 App. Div. 659, 96 N. Y. Supp. 309, the Appellate Division in this department held that a certificate of satisfaction properly executed by only one of three trustees, the signature of one of the others having been forged, and the signature of the third having been obtained by false representations, was insufficient to warrant the discharge of the mortgage. This decision was reversed by the Court of Appeals (185 N. Y. 420, 78 N. E. 156, 113 Am. St. Rep. 921), so far as the adult beneficiaries were concerned, on the ground their conduct had estopped them from objecting; but the opinion of the Court of Appeals plainly shows that it was not intended to relax or modify so salutary a general rule of trusteeship as requires that all trustees who are qualified to act shall unite in acts involving judgment and discretion. In the present case the action of anticipating the payment to the trustees by shortening the term of investment nearly four years is certainly an act of discretion, and not

purely ministerial, and the statement that the relator is not bound to go outside of the state to pay off the mortgage as held in Weyand v. Park Terrace Co., 202 N. Y. 231, 95 N. E. 723, 36 L. R. A. (N. S.) 308, Ann. Cas. 1912D, 1010, is not, therefore, pertinent.

Motion for peremptory writ is denied, with costs.