In the Matter of the Estate of Louis A. Seitz, Deceased.

Surrogate's Court, Kings County, November 14, 1933.

*Stein & Salant*, for Howard A. Seitz.

*Wood, Cooke & Seitz*, for the trustee.

WINGATE, S. The present proceedings furnish unfortunate examples of the misunderstandings which occasionally arise between testamentary fiduciaries and youthful beneficiaries.

At the time of his death on August 30, 1919, Louis A. Seitz was a copartner in the law firm of Wood, Cooke & Seitz. Under his will, which was probated in this court on September 22, 1919, he appointed his former partner, Howard O. Wood, as executor and trustee. His estate was left solely to his widow and son, the former receiving one-third thereof outright, and the latter the balance in trust, with a direction for the payment to him of one-half of the principal when he attained the age of twenty-one years, and the balance when he reached thirty.

Mr. Wood duly qualified as executor and his account in that capacity was settled by decree of this court dated May 25, 1922.

At that time, the son being an infant, Cyrus S. Jullian, a distinguished member of the bar, was appointed special guardian to protect his interests. By this decree the executorial accounts were settled as' submitted and the executor was directed to pay to himself as trustee approximately $41,000 for the purpose of constituting the principal of the trust for the son.

The son became of age on November 14, 1928, whereupon Mr. Wood voluntarily accounted as trustee, and under date of March 11, 1929, a decree was made settling his account as rendered, directing that he pay over to the son $20,553.99, constituting one-half of the principal fund, and that he retain the balance in the trust, pursuant to the terms of the will.

This decree was entered on the duly executed and acknowledged waiver of the son. Subsequent to its entry, certain disputes and misunderstandings seem to have arisen between the trustee and the son in respect to the administration of the trust, as a result of which the trustee has filed a petition for leave to account and resign, and the son has countered with the two present applications for a reopening of the accounting decrees entered on May 25, 1922, and March 11, 1929.

The chief occasion for the misunderstanding between the parties seems to have been by reason of certain investments made by the trustee in a participation in a mortgage of $26,350 on certain property on Shore road between Seventy-second and Seventy-fourth street in the borough of Kings and in respect to a certain loan to one Anna D. Swain. In his account filed in the resignation proceeding, the trustee has, however, removed these investments from controversy by personally assuming them at their full face value and showing the entire principal fund on hand in cash.

The alleged bases for the applications to open the decrees of 1922 and 1929 concern the Shore road property hereinbefore referred to, certain portions of the history of which are set forth in the petitions upon which the orders to show cause are based. From these it appears that the decedent was, prior to 1912, the owner of a one-eighth undivided interest in this property and that it was sold under foreclosure in 1912, some seven years prior to his death. At that time the property seems to have been purchased on the foreclosure sale by a dummy for Mr. Wood, and it is the contention of the son that, by reason of the transactions which then took place, the decedent became entitled to some interest therein. The nature of such interest, if any, is left largely to conjecture and the claim thereto appears to be almost wholly based upon a charge in the 1922 accounting of a payment of $441.93 for refund of expenses to the firm of which decedent and Mr. Wood

were members which is entered as of February 1, 1921. This entry in the 1922 account, however, does not indicate the items or the time of incurrence of these disbursements, and for aught that therein appears, they may have been incurred at the time of the foreclosure in 1912. Whatever the fact in this regard may be, Mr. Wood did not include in the inventory of the estate, made prior to the 1922 accounting, nor in the account then rendered to this court, any credit item for such property as an asset of the decedent. It is solely by reason of this failure and upon the basis of the allegations hereinbefore noted that an opening of the 1922 decree is sought.

It is primary that the authority of a court in respect to the opening of a decree, duly made upon notice to all interested parties, is strictly limited by the provisions of subdivision 6 of section 20 of the Surrogate's Court Act. This can be accomplished only upon a demonstration of fraud, newly-discovered evidence, clerical error or " other sufficient cause," which latter phrase was in *Matter of Tilden* (98 N. Y. 434, 442) strictly limited to " causes of like nature with those specifically named."

In *Matter of Dunne* (138 Misc. 840, 842 *et seq.*) this court had occasion to review somewhat fully the pertinent decisions in this regard from which the rule was deduced that " relief of this nature has uniformly been limited to cases in which an obvious clerical error had been committed, in which the court had no jurisdiction to render the decree, or where newly-discovered evidence was shown to exist of a nature which would have warranted the granting of a new trial within the rules appertaining to that subject," these causes, of course, being in addition to active fraud on the part of one of the parties to the decree.

The petition and replying affidavit in the application in respect to the decree of 1922 fail to make the requisite demonstration in this regard. Jurisdiction of the parties was perfect. Nothing has been shown to indicate that a clerical error has occurred and fraud is neither alleged nor demonstrated.

If it be the fact, which is far from being indicated, that decedent was the owner of any interest in the Shore road property, this interest was merely an asset which was omitted from the account. Such omission, even if intentional, does not prove fraud nor does a decree settling the executorial accounts in respect to matters set forth, effect any adjudication in regard to assets not specified or embraced therein. This is expressly contemplated in section 80 of the Surrogate's Court Act respecting the force and effect of such a decree which provides " every decree of a Surrogate's Court is conclusive as to all matters embraced therein against

every person of whom jurisdiction was obtained." On the familiar principle, *inclusio unius est exclusio alterius*, this section demonstrates that the decree does not affect matters not embraced therein and this is further shown by the wording of section 274.

The effect of an omission of any asset from an account is merely to leave open all questions in regard to it so far as the parties to the accounting are concerned, and to make available to any party the usual remedies for an accounting in respect thereto.

This appears clearly from the decision of the Court of Appeals in *Van Rensselaer* v. *Van Rensselaer* (113 N. Y. 207), in which the court had before it for construction the effect of section 2742 of the Code of Civil Procedure which was the predecessor of the present section 274 of the Surrogate's Court Act.

The court there says (on p. 214): "That decree has no effect upon what was not involved in the settlement, because explicitly withheld from it and put outside of its operation. The Code of Civil Procedure (§ 2742) provides upon what facts the judicial settlement of an executor's account shall be conclusive and expressly excludes all others. The facts settled are: (1) That the items of expenditure allowed are correct. (2) That the accounting party has been charged with all interest for money received by him and embraced in the account. (3) That the money charged as collected was all that was collectible on the debts stated in the account. (4) And that the allowances for increase and decrease, as made in the value of property, were correctly made. It will be observed that none of these facts are in any manner questioned or controverted in this action. What concerns us now was not before the surrogate then or involved in any of the facts as to which the decree is conclusive. By the action of the executor himself the questions here presented, if, indeed, the surrogate could have solved them at all, were withdrawn from his jurisdiction and left for the consideration of another forum." To similar effect, see *Matter of Soutter* (105 N. Y. 514, 518); *Joseph* v. *Herzig* (198 id. 456, 461, 462); *Frethey* v. *Durant* (24 App. Div. 58, 62).

It follows, therefore, that if the decedent possessed any interest in this Shore road property, any beneficiary of the estate is fully at liberty to call the executor to account in respect thereto, since it was not embraced in his judicial settlement.

The same considerations, in the main, apply to the application to reopen the decree of 1929, with the additional pertinent circumstance that it has not been made to appear by the petition on this application that any interest possessed by the decedent, if any, in the Shore road property, ever came into the hands of the trustee. For present purposes the executor and trustee are separate and

distinct individuals as much as if they had been fiduciaries of diverse estates. The only assets which came into the hands of the trustee were those set forth in the decretal clauses upon the 1922 settlement, and in this enumeration no interest in the Shore road property was included.

If, as seems to be intimated by the application, the trustee has failed properly to comply with the terms of the 1929 decree in respect to the payment over of one-half of the principal of the trust fund to which the son became entitled on reaching his majority, the proper remedy of the latter in this regard is to enforce the decree and not to attempt to secure its vacation. If the decedent owned any interest in the Shore road property which came into the hands of the executor and for which an accountng has not been made by him, the remedy in respect thereto is to compel him to account therefor. For the reasons stated, both of the present applications must be denied.

Proceed accordingly.