In the Matter of the Estate of FRANK BUSTO, Deceased.

Surrogate's Court, Queens County, July 31, 1939.

*Gilbert & Gilbert,* for Francis Gilbert, as trustee, Mario J. Busto, individually and as administrator, etc., and as successor trustee, etc., of Mary Busto, deceased wife of decedent, and Frank Busto.

*Plaut & Davis,* for Anita Ryan, Francis Ryan and Mary Ryan.

*Alexander D. Plaskow,* for Mathilda L. Busto, as executrix, etc., of Leo J. Busto, deceased.

HETHERINGTON, S. The decedent died on May 23, 1921, leaving a last will and testament which was admitted to probate on June 13, 1921. He appointed his son Leo J. and Francis J. Gilbert as his executors and trustees. At the time of his death he owned all the stock of the 45 Beaver Street Corporation consisting of 250 shares. It appears that the corporation was indebted to him, and in connection therewith he directed his executors and trustees, in the seventh paragraph of his will, to arrange that it should increase its authorized capital to the extent of the indebtedness, and to issue such additional stock to his estate in full payment thereof. In the succeeding paragraph he gave the stock then owned by him, as well as the stock to be issued in liquidation of the indebtedness previously mentioned, to his executors and trustees in trust " to collect the dividends, profits and income from said trust estate and to pay over all dividends and income received by reason of said stock to my wife, Mary Busto, to the extent of seven thousand ($7,000) dollars per year, for and during the term of her natural life," and any balance to his sons, Leo, Mario and Frank. Upon the death of his wife the stock was given to his three sons in equal shares.

Mary Busto, the widow of the decedent and the life beneficiary of the trust, died on June 21, 1931. She left a will which was probated in the Surrogate's Court of New York county on August 31, 1931. She appointed as her executors and trustees her son Leo J., the same person who was named as one of the executors and trustees of the will of her husband, and her stepdaughter, Edvige M. Pellini. The latter renounced prior to probate, thus leaving her

son Leo as her sole executor and trustee. Under the terms of her will she gave all of her property to her trustee in trust to collect the rents, issues and profits therefrom during the lifetime of her daughter, Anita Ryan, and to apply out of the same, at the rate of $150 per month, for the education, maintenance and support of her said daughter and her two children, until the latter attained the age of twenty-one years, at which time, or if the said grandchildren should die, the trustees were authorized to reduce the payments by twenty-five dollars per month for each of said grandchildren who might die or become of age, with the result that in no event should her said daughter receive less than $100 or more than $150 per month. On the death of Anita, the corpus of the trust was to be divided and paid over to Edvige, her children, Leo, Mario and Frank, and the children of Anita, in equal shares, *per stirpes* and not *per capita*.

Subsequent to the death of the widow and on January 4, 1932, Leo J. Busto and Francis Gilbert, as trustees of the trust created under the eighth paragraph of decedent's will for the benefit of his wife, instituted a proceeding in this court for the judicial settlement of their account. Anita Ryan and her two children, the present petitioners, were not cited or made parties to the proceeding. The decree made on January 18, 1932, recites that waivers of citation and consents to its entry had been executed by Leo J. Busto, individually and as executor under the last will and testament of Mary Busto, deceased, Mario J. Busto and Frank J. Busto, " being all of the persons having any interest therein." In the summary statement thereof the trustees charged themselves with $79,200 represented by 792 shares of 45 Beaver Street Corporation, par value $100 each, and with income collected of $23,800. They were credited with a like payment of income to the beneficiary. The decree directed the trustees to deliver to Leo, Mario and Frank, each, 264 shares of stock.

Petitioners, as persons interested in the estate of Mary Busto, who was the life beneficiary under the will of decedent, seek to vacate the decree upon the ground that Leo J. Busto, as trustee of the decedent and legal representative of the deceased beneficiary, accounted to himself without making them parties to the proceeding, and that the failure to do so renders the decrees void as to them.

Subdivision 10 of section 262 of the Surrogate's Court Act provides as follows: " Where an accounting executor, administrator, guardian or testamentary trustee accounts to himself in a separate capacity as the legal representative of a deceased beneficiary of the estate, or as a trustee, or as guardian of an infant beneficiary,

or as the committee of an incompetent it shall not be sufficient to cite or obtain the appearance of the accounting party in such separate capacity only, but in addition there shall be cited all persons interested in the estate of the deceased beneficiary, the infant or the incompetent beneficiary, and all persons interested in the trust of which the accounting party is trustee." This subdivision was added to the act by chapter 632 of the Laws of 1927 and became effective September 1, 1927. Prior to the amendment it had been held that where the accountant was in effect accounting to himself as representative of the estate of the deceased beneficiary, the decree would not be binding upon persons interested in the estate of the latter unless they were cited. (*Fisher* v. *Banta*, 66 N. Y. 468, 482; *Matter of Haigh*, 125 Misc. 365.) " Its very purpose is to prevent an executor from taking advantage of his dual relationship to evade his liability as executor in a transaction with himself as trustee, and to permit interested persons to make timely objections to his executorial acts." (*Matter of Massimino*, 143 Misc. 119, 121.) Upon the record it clearly appears that Leo J. Busto was acting in a dual capacity and in fact accounted to himself. In such situation the petitioners were required to be cited and the failure to do so renders the decree void as to them. The respondent Gilbert urges, however, that as he acted in a single capacity, the decree is valid as far as he is concerned. While the statute does not in express terms include a situation where there are cotrustees, only one of whom acts in a dual capacity, its objective could be defeated by the passive attitude of one or the collusion of both. The experience of the surrogate is that fiduciaries do not generally question the acts of each other. Where the trustees are in harmony and account jointly neither can hardly be regarded as a disinterested or ideal champion of the absent parties. In such situation, no protection would be afforded them. Furthermore, trustees, however numerous, constitute in law a single person. They all form, as it were, one collective trustee. (*Cooper* v. *Illinois Central R. R. Co.*, 38 App. Div. 22, 28. See, also, *Brennan* v. *Wilson*, 71 N. Y. 507; *People ex rel. Moscovitz* v. *O'Loughlin*, 79 Misc. 650.) Here the acts of the trustees were set forth in a joint account. The administration of the trust fund as therein disclosed was the subject of consideration by the surrogate. It is not possible to sever the account, at least, so far as determining what parties should be cited in connection with its settlement. The object of the statute would be defeated if the contention of the respondent Gilbert was upheld. I, therefore, decide that it was incumbent upon the trustees to cite the petitioners as required by the act. The failure to do so renders the decree void as to them  (*Matter*

*of Killan,* 172 N. Y. 547; *Matter of Gall,* 182 id. 270; *Matter of Hasselbrook,* 128 App. Div. 874; *Matter of Glass,* 134 Misc. 291; *Matter of Purcell,* 137 id. 727.) - The lapse of many years does not prevent the surrogate from opening, vacating or setting aside the decree. (See *Matter of Altman,* 115 Misc. 476, and cases cited.)

Despite this jurisdictional defect, respondents, nevertheless, urge that the application should be dismissed upon the grounds that Mary Busto formally released one of the trustees, and that petitioners are estopped by reason of certain decrees made in proceedings had in the Surrogate's Court of New York involving the settlement of her estate.

The release relied upon is claimed to have been executed and delivered to the respondent Gilbert by Mary Busto, Frank, Mario and Leo J. Busto. It is dated and acknowledged on September 30, 1929. It is further claimed that on the same date they also signed an acceptance of the resignation of the respondent Gilbert, as trustee, effective immediately, and therein consented that his account be approved and that he be discharged. On January 31, 1930, a similar instrument appears to have been executed by the same parties. It is conceded that no formal application was made to the surrogate for leave to resign. Once a trustee has qualified and assumed the administration of his trust he cannot resign as a matter of right. The granting or withholding of such relief rests in the sound discretion of the surrogate. The procedure governing the resignation of fiduciaries is outlined in sections 102 and 103 of the Surrogate's Court Act. The instruments relied upon are legally ineffective to constitute a resignation. Despite the alleged delivery of these instruments and the release, both trustees continued to administer the trust. On January 4, 1932, they filed their account as trustees together with a petition for its settlement. The account shows the receipt of two items of income of $3,000 each; one on January 17, 1930, and the other on May 20, 1931. Furthermore, it is conceded that pursuant to the decree in question the trustees joined in distributing the stock as therein directed. In view · of this subsequent conduct, the release, if otherwise valid, is not a bar beyond its date. In view of the fact that its validity has been challenged, the issue created thereby must be tried out. The matter will be restored to the calendar for such purpose on September 25, 1939, at ten A. M.

There remains for consideration the effect of the decrees made in the proceedings had in New York county. It appears that Leo J. Busto, one of the trustees, died on May 16, 1933. His will was probated in that court and letters testamentary issued to his widow. Thereafter, Mario J. Busto was appointed adminis-

trator with the will annexed of the estate of Mary Busto and successor trustee under her will. The widow of Leo accounted for his acts and doings as executor and trustee of Mary Busto. The administrator *c. t. a.* also accounted. Petitioners were parties to both proceedings and made no objections to either account. The accounts and decrees based thereon are conclusive only as to all matters embraced therein. (Surr. Ct. Act, § 274; *Joseph v. Herzig,* 198 N. Y. 456, 461; *Matter of Schmidt,* 163 Misc. 610, and cases cited.) In neither the accounts nor in the decrees is mention made of the existence or non-existence of any claim in favor of the estate of Mary Busto against the trustees of the decedent. Hence they are no bar to this application.

In accordance with the foregoing views the application is granted to the extent, at this time, of vacating and setting aside the decree as against the petitioners and reopening the proceeding, and granting leave to file objections to the account as to matters and transactions set forth therein or omitted therefrom occurring after September 30, 1929, within eight days. Settle order on notice.