In the Matter of the Estate of Maggie A. Slote, Deceased.

Surrogate's Court, Kings County, October 31, 1946.

*Wingate & Cullen* for petitioner.

*Bernard Cowan,* attorney in person.

McGarey, S. By decree of August 11, 1921, judicially settling the executor's final account, a judgment obtained by one Thalheim, now deceased, against the testatrix was held to be a preferred claim but subordinate to a judgment in favor of one Rome. The balance remaining on hand, after satisfying the latter judgment, was insufficient to satisfy the Thalheim judgment and, accordingly, the decree directed that the amount on hand be paid in reduction thereof. Compliance with the decree was made by payment on August 16, 1921, leaving a balance due on the Thalheim judgment of an amount in excess of $28,000.

In 1942, an accountant, as successor by merger to the nominated executor, discovered two claims in favor of the estate and collected thereon the sum of $408.32, which forms the subject matter of the instant proceeding.

A question is presented as to whether or not the balance of the Thalheim judgment is barred by section 44 of the Civil Practice Act under which a judgment will be presumed to have been paid and satisfied after the expiration of twenty years from the time when the last payment was made on August 16, 1921, pursuant to the afore-mentioned decree.

Under the circumstances herein presented, the court holds that the Statute of Limitations is not a bar to the preferred claim which was presented and allowed on the prior accounting. The assets presently accounted for, although not discovered by the nominated executor's successor until 1942, were presumably in the estate and in the hands of the accounting executor when it accounted in 1921, and the decree allowing the Thalheim judgment as a preferred claim attached thereto.

Section 80 of the Surrogate's Court Act provides that: " Every decree of a surrogate's court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained ", and section 274 of the Act makes the accounting decree conclusive as to every such person " as to all matters embraced in the account and decree." The effect of omitting any asset from the account leaves open all questions in regard thereto insofar as the parties to the accounting are concerned, and makes available to them the right to compel the fiduciary to account in respect thereto, since the asset was not embraced in the prior judicial settlement (*Matter of Seitz,*

149 Misc. 526, 530–531. See, also, *Matter of Schorer,* 272 N. Y. 247). Under the facts of this case, the Statute of Limitations would not be a bar to a proceeding by an interested party to compel a fiduciary to account and for a similar reason, the statute should not be a bar in a subsequent voluntary accounting embracing assets not previously accounted for, wherein the interested party is cited and appearance is filed (*Matter of Prince,* 56 Misc. 222).

Proceed accordingly.