■ In the Matter of the Estate of KATHERINE F. WILLIAMS, Deceased. KATHERINE RIEGEL et al., Appellants; ETHEL A. RAND et al., Respondents.— In a proceeding pursuant to section 206-a of the Surrogate's Court Act to require the respondent Public Administrator of Queens County, as administrator of the estate of an intestate decedent, to deliver specific personal property or its proceeds to the petitioners, who assert that they are entitled thereto as remaindermen under the will of said intestate's deceased husband, the appeal is from an order of the Surrogate's Court of Queens County which (1) granted

the motion of the five respondents Rand who were joined in the proceeding as potential distributees of the said intestate, for summary judgment dismissing the petition, under rule 113 of the Rules of Civil Practice and section 316 of the Surrogate's Court Act; and (2) granted an allowance to the respondent special guardian for his services. The respondent Public Administrator joined in the motion. Order modified by striking therefrom the first ordering paragraph and by inserting, in lieu thereof, a provision that the motion for summary judgment be denied. As so modified, order affirmed, with one bill of $10 costs and disbursements to appellants, payable out of the estate and by the respondents Rand, and with one bill of $10 costs and disbursements to the Public Administrator, payable out of the estate. Intestate's husband died in 1930; she died in 1952. The appellants claim that the specific property in question and also some cash proceeds thereof belonged to the husband although held in the intestate's name. The motion was based solely on the ground that the defense of *res judicata* was established by the decree of the Surrogate's Court of Nassau County which settled the account of the executor of the husband's estate, and the said account and the petition for its settlement, the theory being that the executor had charged himself in said account with all the property which had belonged to the husband and that the subject property was not included therein. The decree of a Surrogate's Court judicially settling the account of an executor or testamentary trustee can be *res judicata* only as to "matters embraced in the account and decree." (Surrogate's Ct. Act, § 274; *Joseph* v. *Herzig*, 198 N. Y. 456, 461–462; *Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 207, 214–215; *Matter of Hubbell*, 302 N. Y. 246, 253–254; *Matter of Garretson*, 92 App. Div. 1, affd. 179 N. Y. 520; *Matter of Seaman*, 275 App. Div. 484; *Matter of Denbosky*, 245 App. Div. 93; *Matter of Peck*, 131 App. Div. 81, 84–85; *Matter of Slote*, 188 Misc. 144; *Matter of Busto*, 173 Misc. 25, 30; *Matter of Seitz*, 149 Misc. 526, 530.) "Matters embraced in a decree and in the account * * * include only those matters which are clearly and specifically set out and which can be definitely ascertained from a reading of the account and decree." (*Matter of Seaman, supra,* p. 490.) "The effect of an omission of any asset from an account is merely to leave open all questions in regard to it". (*Matter of Seitz, supra,* p. 530.) Reference was made in the account and in the petition for its settlement to a transfer of "all of her property and estate" by the intestate to her husband, and to a later transfer of "all of her property and estate" back to the intestate, without further statement to identify specifically the assets thus referred to, or as to their value; and, while it was indicated that the transfers were made several years before the husband's death, it did not appear therein that those assets were any part of the property now in question. Further, the apparent purpose of the reference was to aid in explaining the reason why the husband included a certain provision in his will and why the executor had paid out certain moneys to the widow. The reference to the transfers was not a clear and specific statement renouncing all rights to the specific assets now in question. The decree itself made no reference to the specific property in question or to the generally described "property and estate" which was the subject of the transfers from the wife to the husband and back to the wife. Wenzel, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Murphy, J., dissents and votes to affirm, with the following memorandum: I believe the Surrogate's opinion is correct factually and legally. It is undisputed that Violet Rand Dunbar, Katherine Riegel and Margaret Riegel Feriola, the latter two being petitioners here, together with the widow, then an incompetent, and Ralph B. Feriola and Edward J. West, committee of her person and estate,

and said West as the accounting executor, were parties to the accounting proceeding, wherein the afore-mentioned three "remaindermen" personally appeared, waived the issuance and service of a citation, and consented to the entry of the said decree. Appellants therefore had ample opportunity to raise any question of assets at the time of the settlement of the husband's estate in Nassau County. I believe appellants have not shown sufficient facts to raise an issue with respect to the verity and conclusiveness of the documentary evidence.