Bertram R. Gelfand, S.
In this proceeding for the final settlement of the account of the executors an issue is presented as to the impact upon statutory commissions in a pending estate of the amendment to SCPA 2307 (subd 5) which took effect June 8, 1976. The account at issue is for the period from decedent’s death on August 21, 1975 to November 30, 1976. Letters testamentary were granted to testator’s three nominated coexecutors on December 9, 1975 after each had qualified as provided by law. The executors have accounted for principal in the sum of $110,717.27.
*349 The pertinent provisions of SCPA 2307 (subd 5) as they existed at the time of the inception of this administration provided that if the principal of an estate was $100,000 or more, each fiduciary up to a total of three, was entitled to full statutory commissions on principal and income equal to that which would be allowed to a single fiduciary. This right existed until SCPA 2307 (subd 5) was amended by the Laws of 1976 (ch 303, § 1), effective June 8, 1976. The amendment provides, so far as herein pertinent, that if estate principal is $100,000 or more, but less than $200,000, each fiduciary to a maximum of two is entitled to a full commission, and should there be more than two fiduciaries, two full commissions are to be apportioned among them according to the services rendered by each. The amendment to the statute is silent as to whether its terms are applicable to estates in which the administration commenced prior to June 8, 1976.
Despite the existence of prior amendments to the statutory provision for fiduciary commissions the question presented by this amendment is novel. The prior, amendments relative to commissions have all increased the commissions rather than decreasing them. On each of these occasions it has been held with reference to pending estates that the higher commissions payable at the time of the account governed regardless of what the statutory scheme was at the time the administration was commenced (Matter of Barker, 230 NY 364, 372; Robertson v de Brulatour, 188 NY 301, 316-317; Whitehead v Draper, 132 App Div 799, 802; Naylor v Gale, 73 Hun 53).
The equitable issue presented where statutory commissions increased was that the Legislature had obviously concluded that just as all other aspects of our inflationary society required increases in compensation, fiduciary duties justified enlarging the compensation above that which previously existed. The legal rationale upon which this equitable result was reached seems to rest on the concept that commissions are inchoate and accordingly are not payable until allowed by the court, coupled with the concept that remedies will be applied in accordance with the law which prevails at the time when relief is sought, rather than at the time when the injury arose.
A reduction in the amount of statutory commissions presents quite different legal and equitable considerations. A nominated fiduciary need not qualify. All too often fiduciaries, particularly institutional fiduciaries, named in testamentary *350 instruments decline to qualify for economic reasons in estates of a size under $200,000 and even higher (see Gelfand, Trusts Without Trustees, Trust & Estates, Jan. 1976, p 8). Individual fiduciaries might well determine, and often do, that the responsibilities and headaches involved in fiduciary duty are not justified for the compensation such responsibilities will yield.
In the instant matter, petitioners qualified and served approximately 60% of the period involved in this account believing they would each have a right to expect a full commission upon the satisfactory conclusion of their duties. They could only terminate their responsibility by formal application to the court (SCPA 715). The granting of such application would rest in the discretion of the Surrogate (Matter of Hutchinson, 45 Misc 2d 712; Matter of Busto, 173 Misc 25, 29, affd 258 App Div 980). Upon qualifying a fiduciary had the right to rely upon an implied contract based upon statute that upon satisfactorily discharging his duties he would receive no less than such commission as existed at the time of qualification.
This court does not question to the slightest degree the wisdom of the Legislature in amending SCPA 2307, which amendment is a subject totally within the discretion of the Legislature. However, with reference to pending estates, where compensation is reduced after a fiduciary has undertaken his responsibilities, equity would dictate that the compensation of a fiduciary not be reduced after substantial partial performance of fiduciary duties have been completed. The scales of justice are tipped even further in favor of the fiduciary where he is a party in the posture of not having the automatic right to terminate his services upon learning of a reduction in the compensation for his services.
It is accordingly concluded that to the extent the 1976 amendment of SCPA 2307 reduces the commissions payable in pending estates, that absent explicit legislative direction to the contrary the statute is not applicable to the commissions of fiduciaries in pending estates. Undoubtedly, such ex post facto direction in the statute would in itself be of questionable validity. However, the Legislature having been silent on the subject, it is not necessary to reach the issue of the validity of a statutory direction to reduce commissions in pending estates.
The conclusion reached herein is not in conflict with the rule that commissions are not finally fixed until allowed in an accounting proceeding. While they are not finally fixed until *351 an accounting they may be payable prior thereto. The SCPA provides for payments on account of commissions prior to the filing of an account (SCPA 2310, 2311). Additionally, a will may provide for periodic payments to an executor without court approval (Matter of Nester, 166 App Div 224, affd 216 NY 716; Second Report of Temporary Comm on Modernization, Revision and Simplification of Law of Estates, NY Legis Doc, 1963, No. 19, Report No. 7.1B, p 29). These circumstances indicate that a conclusion contrary to that reached herein could well lead to a result where, without any fault whatsoever on the part of a fiduciary, as the result of an ex post facto change in the law, he could sustain a significant reduction in not only commissions to be paid, but commissions already paid. It is concluded that this is a result which the Legislature did not intend to impose upon a fiduciary who has faithfully performed his duty.