(Surrogate's Court, Westchester County. February, 1916.)

1. INFANTS ⬤78(3)—ACTIONS—APPOINTMENT OF GUARDIAN—"PARTY."
    Under Code Civ. Proc. § 2534, authorizing the appointment of a special guardian where a party who is an infant does not appear by general guardian, a "party" for whom a special guardian must be appointed means one required by section 2610, relating to probate proceedings, to be cited.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 198, 199, 201; Dec. Dig. ⬤78(3).
    For other definitions, see Words and Phrases, First and Second Series, Party.]

2. WILLS ⬤263—PROBATE—CITATIONS—PERSONS TO BE SERVED.
    Code Civ. Proc. § 2610, requiring citation in proceedings to probate a will of real and personal property to issue to the heirs and next of kin of the testator, does not require service on an infant grandson of testator, a cestui que trust under the will, whose father is living, and who is not designated as an executor, testamentary trustee, or guardian, since he is neither an heir nor next of kin of the testator.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 608-612, 614; Dec. Dig. ⬤263.]

3. INFANTS ⬤78(3)—PROBATE PROCEEDINGS—NECESSITY OF SPECIAL GUARDIAN.
    Where an 18 year old grandson of testator did not petition for the appointment of a special guardian in the probate proceedings, and his general guardian did not appear for him, but due and timely service of the citation was made on his father as testamentary trustee, it was not necessary to appoint a special guardian for the grandson.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 198, 199, 201; Dec. Dig. ⬤78(3).]

Proceeding on the judicial settlement of the account of Henry Sherman Redfield and another as executors of the last will and testament of Caroline P. St. Cyr. Accounts of executors approved.

Rumsey, Sheppard & Ingalls, of New York City, for executors.
John F. Brennan, of Yonkers, special guardian.

SAWYER, S. This is a proceeding for an accounting. On the return day of the citation this court appointed John F. Brennan, Esq.,

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

special guardian of the infant, Henry Alexander Redfield. On January 29, 1916, the special guardian filed his report, and among other things reported as follows:

"I further report that there is no valid objection why the account of said Henry Sherman Redfield and Jean H. E. St. Cyr, as executors of the said Caroline P. St. Cyr, deceased, should not be finally judicially settled as filed, as far as it affects the interests of said infant, providing the probate proceedings are deemed closed. An examination of the proceedings had upon the probate of the will, however, makes it my duty to direct the attention of the court to the following facts: By the fifth clause of the will the executors are directed to pay to Henry Alexander Redfield, grandson of the testator, the infant herein, the sum of $100,000, and for the purpose of receiving and investing this money Henry Sherman Redfield, father of the infant and executor herein, is made trustee. By codicil dated May 13, 1914, the amount of this legacy is changed to $50,000. When the will and codicils were offered for probate, no guardian was appointed for the infant. It may be that no proper objection can be made to the codicil, and yet due regard for the interests of the infant would seem to require that some investigation should be made by a guardian appointed by the court into the circumstances attending the execution of the instrument which took away from the infant the sum of $50,000. I respectfully suggest that the court take under advisement the wisdom of setting aside or suspending the probate pending an examination of the conditions under which the codicil was executed by a guardian to be appointed by the court."

The decedent left a last will and testament dated June 18, 1912, a first codicil dated October 2, 1913, and a second codicil dated May 13, 1914. These instruments were admitted to probate by this court, and letters testamentary duly issued to the executors therein named. The petition for probate sets forth that the infant, Henry Alexander Redfield, is upwards of 18 years of age. On the probate proceedings the said infant did not petition for the appointment of a special guardian, his general guardian did not appear for him, and this court did not appoint a special guardian.

[1] The question to be determined at this time is: Should a special guardian have been appointed on the return day of the citation issued in the probate proceedings? Section 2534 of the Code of Civil Procedure prescribes when and how a special guardian may be appointed, and reads as follows:

"Where a party, who is an infant, does not appear by his general guardian, or where a party, who is a lunatic, idiot, or habitual drunkard, does not appear by his committee, or where any party is an infant, or an habitual drunkard, or for any cause is mentally incapable adequately to protect his rights, although not judicially declared to be incompetent to manage his affairs, the surrogate must appoint a competent and responsible person, to appear as special guardian for that party. Where an infant appears by his general guardian, or where a lunatic, idiot, or habitual drunkard, appears by his committee, the surrogate must inquire into the facts, and must in like manner appoint a special guardian if there is any ground to suppose that the interest of the general guardian or committee is adverse to that of the infant or incompetent person, or that for any other reason, the interests of the latter require the appointment of a special guardian. Where there are unknown persons, or persons whose whereabouts are unknown, the surrogate may, in his discretion, appoint a special guardian for such persons. A person cannot be appointed such a special guardian who is nominated by any party; but this prohibition shall not preclude an infant over fourteen years of age from nom-

inating his own special guardian. Before entering upon his duties such special guardian shall file his consent to so act."

The surrogate, then, must appoint a special guardian where the infant is *a party* to the proceeding. Who, then, is a proper party to a probate proceeding as designated in section 2534? Section 2609 of the Code of Civil Procedure prescribes who may propound a will, and section 2610 designates the parties to be cited. Said last-mentioned section reads as follows:

"The following persons must be cited upon a petition presented as prescribed in the last section: If the will relates exclusively to real property, the husband or wife, if any, and all the heirs of the testator. If the will relates exclusively to personal property, the husband or wife, if any and all the next of kin of the testator. If the will relates to both real and personal property, the husband or wife, if any, and all the heirs, and all the next of kin of the testator. In every case, each person designated in the will as executor, testamentary trustee or guardian, and each person named as executor, testamentary trustee or guardian, or beneficiary in any other will of the same testator filed in the surrogate's office. In addition to the general contents contained in section 2523 and 2524 of this chapter, the citation must also set forth the name of the person by whom the will is propounded; whether the will relates exclusively to real property, or to personal property, or to both; and if the will is nuncupative, that fact."

That section defines clearly who shall be cited or made parties in a probate proceeding. The will, in this case, relates to real and personal property. The parties and persons to be cited are the husband or wife, if any, and all the heirs, and all the next of kin of the testator, and, further:

"In every case, each person designated in the will as executor, testamentary trustee or guardian."

I am of the opinion that a party referred to under section 2534, for whom a special guardian must be appointed, means a party to be cited under, and pursuant to, the provisions of section 2610.

[2, 3] Henry Alexander Redfield, the infant grandson of the decedent, since his father, decedent's son Henry Sherman Redfield, is living, is not either an heir at law or next of kin of the testatrix (see sections 81 and 98 of Decedent Estate Law [Consol. Laws, c. 13]); nor is he designated in the will as an executor, testamentary trustee, or guardian. He is therefore not entitled to have service of the citation made upon him. Neither is he a party to the proceeding.

I do not think that a special guardian should have been appointed. This works no hardship to the infant, as his interests were represented, and assumedly protected, by the father, who was the testamentary trustee under the will of the decedent. As such trustee he was before the court. Due and timely service of the citation had been made upon him. He was the proper party to be served on behalf of the infant. Section 2610, above referred to, prescribes that service must be made upon the testamentary trustee. Why should service be so made, unless it is to protect the interests of the cestui que trust? That is the sole purpose of the appointment of a trustee. In every case of a testamentary trustee he is appointed to represent the beneficiary under the

trust by what is considered the most sacred of instruments, viz., the last will and testament of the testator.

No doubt the trustee could have filed objections to the last codicil, if he had so desired, as the representative of the infant. Under section 2617 of the Code:

"Any person interested in the event as devisee, legatee or otherwise, in a will or codicil offered for probate, or interested as heir at law, next of kin or otherwise in any property, any portion of which is disposed of or affected, or any portion of which is attempted to be disposed of or affected, by a will or codicil offered for probate, * * * may file objections to any will or codicil so offered for probate."

In Matter of Nelson, 89 Misc. Rep. 25, 152 N. Y. Supp. 734, in construing section 2617, I wrote as follows:

"If the first clause of the new section omitted the words 'interested in the event,' then from a literal interpretation of the section I should be compelled to decide that any devisee or legatee could file objections. But, in construing any portion of a section, we must read the whole section together, and the words 'interested in the event' show conclusively to my mind that there must be a pecuniary and not a sentimental interest to protect. In construing the old section, in Matter of Davis, 182 N. Y. 468 [75 N. E. 530], the court, in interpreting the words 'who is otherwise interested in defeating or sustaining the will,' said at page 472 of 182 N. Y., at page 531 of 75 N. E.: The statute in authorizing a person 'who is otherwise interested in sustaining or defeating the will' to appear at his election to support or oppose its probate, means only a person who has a pecuniary interest to protect, either as an individual or in a representative capacity. An interest resting on sentiment or sympathy, or on any basis other than the gain or loss of money or its equivalent, is not sufficient, but any one who would be deprived of property in the broad sense of the word, or who would become entitled to property by the probate of a will, is authorized to appear and be heard upon the subject. The old section was further construed in Matter of Hoyt, 55 Misc. Rep. 159, 106 N. Y. Supp. 359. The person there who wished to contest the will was given a legacy of $15,000. Under a prior will the same person was given a legacy of only $10,000. The court, at page 161 of 55 Misc. Rep., at page 360 of 106 N. Y. Supp., said: 'It cannot be conceived that this section (2617) was enacted, except for the express purpose of permitting one to intervene to secure a benefit or to protect a threatened right, certainly not for the purpose of changing the status quo of the estate by decreasing an interest therein to the extent of $5,000.' * * * It is obvious that the person who would have a right to intervene under this section must have an interest to protect—one that is threatened. Here the interest of Mr. Hoyt is protected, and it is only by his successful intervention that he would become a loser."

There are numerous other authorities to the same effect, and it seems to me, after a careful comparison of the old section with the new, that the words in the old section, "or who is otherwise interested in sustaining or defeating the will," are now embodied in the words "any person interested in the event," in the new section.

In this case the codicil reduced the bequest to the trustee on behalf of the infant from $100,000 to $50,000. Here might be an interest to protect, and the trustee, if he had valid and sufficient reasons, might file objections. But the trustee did not file any objections to the probate of the codicil, nor does he desire to file any at this time. The infant, who is 18 years of age, has no desire to file any objections.

This is evidenced by the fact that the special guardian received the following letter from the trustee and the beneficiary under the trust:

"Our attention has been called by the newspapers to the fact that you have been appointed guardian ad litem of the undersigned, Henry Alexander Redfield, minor beneficiary under the will and codicils of Mrs. Caroline Redfield St. Cyr, in matter of accounting of her executors. We are also informed by said newspaper articles that the question before you is whether or not, in view of the fact that no notice was given to the undersigned, Henry Alexander Redfield, of the probate of said instruments, it is your duty to investigate the testamentary capacity of Mrs. Caroline Redfield St. Cyr, and if possible undue influence in respect to her second codicil. The undersigned do not desire to raise any questions in that regard. We were, at the time of the probate of said will and codicils, and are still, satisfied to accept the provisions thereof. It is sufficient for us that said instruments were signed by Mrs. St. Cyr and that she was the mother of one of us and the grandmother of the other."

The will and codicils of decedent have been duly admitted to probate. The proper parties have been served with citation and the proceedings completed. Of course, if facts are brought to the attention of the trustee, and he has sufficient grounds to warrant his intervention in the probate proceedings, he may move to open the same, agreeable to the provisions of section 2490, subdivision 6 of the Code of Civil Procedure. That subdivision gives the surrogate power:

"To open, vacate, modify, or set aside, or to enter as of a former time a decree or order of his court, or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers."

After carefully considering the suggestion of the learned special guardian, "that the court take under advisement the wisdom of setting aside or suspending the probate pending an examination of the conditions under which the codicil was executed by a guardian to be appointed by the court," I have come to the conclusion that it was not necessary to appoint a special guardian on the original probate proceedings. The interests of the infant were duly represented by his trustee.

The accounts of the executors as filed are hereby approved. Decreed accordingly.