In the Matter cf the ·Estate of HARTLEY HAIGH, 2D, Deceased.

Surrogate's Court, New York County, June 3, 1925.

**Executors and administrators — accounting — executor accounting for estate of deceased beneficiary and as administrator c. t. a. of estate for which beneficiary was executor is representative of both estates — legatees under will of beneficiary necessary parties to accounting proceeding and must be cited — Surrogate's Court has jurisdiction to determine identity of both estates within provisions of Surrogate's Court Act, § 40 — report of referee remitted for purpose of making additional findings.**

An executor accounting for the estate of a deceased beneficiary, who also is administrator c. t. a. of the estate for which said beneficiary was executrix, is the representative of both the estates and all the beneficiaries under the beneficiary's will are necessary parties to an accounting proceeding and must be cited. A representative of an estate cannot account to himself alone as the representative of the estate of a deceased beneficiary.

The Surrogate's Court has express and complete jurisdiction under the provisions of section 40 of the Surrogate's Court Act to direct and control the conduct and settle the accounts of executors and administrators, as well as to determine the identity of disputed assets. It was error, therefore, for a referee on an accounting proceeding to refuse to pass upon the objections as to what property the administrator c. t. a. was chargeable with, and his report will be remitted for the purpose of taking additional testimony and making additional findings on issues raised by the objections.

MOTION to remit report of referee in proceeding for an accounting.

*William C. Arnold,* for the petitioner.

*Thomas Keogh,* for Hartley Haigh, 4th.

*Frederick N. Van Zandt,* for the objectants.

FOLEY, S.:

This is a motion to remit the' referee's report for the purpose of taking additional testimony and making additional findings on issues raised by the objections to the account. The motion is granted. The referee has held that the Surrogate's Court is without jurisdiction to pass on the issues raised.

Hartley Haigh, 2d, died leaving a will which was probated. His wife, Annie Haigh, was sole executrix and legatee thereunder. About four years. later Annie Haigh died testate. After making certain bequests of jewelry she bequeathed " to Hartley Haigh, Fourth, all such property, real and personal, as may come to me from the estate of Hartley Haigh, First, through the Will of my late husband, Hartley Haigh, Second, together with all my household effects and consumable stores." The remainder of her estate she gave to her brother and sisters. She had never accounted as executrix of her husband's estate.

The Irving Bank-Columbia Trust Company qualified as her executor, and shortly thereafter it was appointed administrator c. t. a. under the will of Hartley Haigh, 2d. The contestants objected to the account on the ground that all the debts having been paid, there were no unadministered assets, and that the property accounted for was not the property of the estate of Hartley Haigh, 2d.

The referee has refused to pass on the objections raised because (1) the objectors (the beneficiaries of Annie Haigh's estate) are not necessary or proper parties, and (2) because this court is without jurisdiction to determine as between the accounting administrator c. t. a. and the objectors, the ownership of the disputed assets.

These conclusions of the learned referee are incorrect. As to the first ground, the accounting party is the representative of both Hartley's and Annie's estates, and all the legatees under Annie's will are necessary parties to this accounting proceeding. Since the accounting administrator c. t. a. and the executor of the deceased sole beneficiary (who was also the executrix of the estate) is the same person, the decree herein would not be binding upon the persons interested in Annie Haigh's estate unless they were cited. (*Fisher* v. *Banta,* 66 N. Y. 468.) The opinion in *Fisher*

v. *Banta* (*supra*) distinctly held that the representative of an estate cannot account to himself alone as the representative of the estate of a deceased beneficiary. In such cases it has been the rule since the rendition of that decision that the persons interested in the deceased beneficiary's estate must be cited, otherwise the decree is not conclusive upon them. Such has been the established procedure of this court followed without exception by the various surrogates. The point has seldom been raised on the trial of the issues of an accounting because the directions of the surrogates have been complied with at the very beginning of the proceeding and a citation has been required to be issued to such persons at that time. It has, however, been the subject of several decisions. (*Matter of Wetmore*, N. Y. L. J. July 15, 1919; Jessup-Redfield Surr. [1925 ed.], 162; *Matter of Zimmerman*, 104 Misc. 516.) The eleventh conclusion of the referee's report is, therefore, improper.

As to the second ground, the referee undoubtedly had power to pass on the objections as to what property the administrator c. t. a. was chargeable with. The referee should determine the specific assets and funds which constituted part of the Hartley Haigh, 2d, estate in the administrator's possession. He should likewise determine as between the two estates what property belonged to the estate of Annie Haigh. Complete jurisdiction both legal and equitable is vested under the provisions of section 40 of the Surrogate's Court Act in the surrogate on accounting proceedings. The provisions of that section were further broadened by the amendment made in 1921. That statutory change overcame the effect of such decisions as *Matter of Mondshain* (186 App. Div. 528) and *Matter of Holzworth* (166 id. 150; affd., 215 N. Y. 700), which limited the grant of power contained in the opening paragraph of section 40 to the specific proceedings enumerated thereafter in that section. The cases cited in support of the referee's conclusions that this court lacked jurisdiction have no application to the question here. They may be grouped into two classes: *First,* those relating to discovery proceedings, such as *Matter of Mondshain* (*supra*) or *Matter of Heinze* (224 N. Y. 1). In discovery proceedings the jurisdiction of this court has never been as broad as in accountings. *Second,* the class of cases which arose under the obsolete sections of the Code of Civil Procedure. Without exception the more recent cases have sustained the general jurisdiction of this court upon accountings. Thus in *Matter of Coombs* (185 App. Div. 312) it was held that the surrogate had jurisdiction upon the judicial settlement of an estate to hear and determine a rejected claim that the testator at his death had property which

Surrogate's Court, New York County, June, 1925. [Vol. 125

he was obligated to transmit by his will to the claimant. In *Matter of Aldrich* (194 App. Div. 815) it was held that the surrogate had jurisdiction under former section 2510 of the Code of Civil Procedure, now section 40 of the Surrogate's Court Act, on an accounting of an executor to determine the title to certain moneys realized from the sale of corporate stock which testator had borrowed from his mother, converted to his own use, and the proceeds of which were returned to his executors. Again in *Matter of Miller* (208 App. Div. 481) the jurisdiction of the surrogate to determine whether certain shares of stock belonged to the executors or to the individual beneficiaries by transfer from the testator in his lifetime appears to have been conceded. Concentration of jurisdiction as to decedents' estates has been the purpose and result of successive legislation and judicial decisions. (See, also, *Matter of Malcomson*, 188 App. Div. 600; *Matter of Van Buren* v. *Estate of Decker*, 204 id. 138; *Matter of Mount Vernon Trust Co.*, 175 id. 353; *Matter of Hoffman*, 108 Misc. 612; *Matter of Brady*, 111 id. 492; *Matter of Watson*, 215 N. Y. 209.)

*Fribourg* v. *Emigrants Industrial Savings Bank* (168 App. Div. 816), relied upon by the referee, has no application to the facts of this case. The action there was between the claimant to the bank account, the bank and the estate. The Appellate Division simply held that the action brought by the claimant against the bank and the representative of the estate was maintainable and that the prior decree on accounting was not conclusive. The weight of that decision, as an authority, has been greatly weakened, if not nullified, by the subsequent decisions cited above by me and by the amendments to the Code of Civil Procedure embodied in the Surrogate's Court Act.

The dispute in the present accounting does not arise between a third party and a claimant who asserts title to certain estate property, but the real contention is between two estates, in which letters have been issued out of this court. The surrogate has express jurisdiction under the provisions of section 40, Surrogate's Court Act, to direct and control the conduct and settle the accounts of executors and administrators. It became necessary in the present proceeding to determine what assets were actually included in the estate of Hartley Haigh, 2d, the testator here. Necessarily these assets passed into the possession of the executrix of the estate and after her death some of them vested in the administrator c. t. a. appointed as her successor. The will of the second decedent provided for a gift to a designated legatee of certain of the assets which came from her husband's estate. The identity of these assets should have been fixed as soon as possible. The settlement of the

whole controversy will, therefore, be expedited by a final determination in this proceeding. On the other hand, if the court should refuse to take jurisdiction here circuity of action and additional expense will result.

Finally the appointment of the administrator c. t. a. was necessary to complete the disposition of the estate. It was clearly within the authority and power of that administrator to take over the bank accounts which were carried in the name of the executrix of Hartley Haigh, 2d, at the time of her death, and to take possession of any mortgages or other securities which still remained in the name of Hartley Haigh, 2d, or of Annie Haigh, as executrix of his estate. The rule laid down in *Blood* v. *Kane* (130 N. Y. 514) does not abrogate the ordinary rules as to unadministered assets, or limit the powers of an administrator c. t. a. when appointed. The opinion in *Blood* v. *Kane* (*supra*) simply established a rule of convenience which authorized the beneficiary, who happened to be sole legatee or sole residuary legatee, to sue or assert a claim under his individual right of title to the property after the payment of debts and general legacies.

The report is remitted to the referee with instructions to proceed in accordance with this decision and to report promptly his findings and conclusions upon the merits of the issues before him.

Submit order accordingly.