In the Matter of the Estate of JOHN MASSIMINO, Deceased.

Surrogate's Court, Bronx County, March 2, 1932.

*Davies, Auerbach & Cornell [Sydney G. Soons* and *Dermod Ives* of counsel], for the executor.

*Martin Gollubier,* special guardian.

HENDERSON, S. This is a motion to confirm the report of the referee appointed to hear and determine the questions arising upon the settlement of the executor's account to which objections were filed by the special guardian. The referee dismissed the objections and held that the account should be judicially settled and allowed as filed.

The will bequeaths legacies to various persons. By paragraphs " third " and " fourth " thereof it creates two trusts of $30,000 each. There is a residuary clause which disposes of the remainder of the estate. The infants represented by the objectant are contingent remaindermen in the trusts. The accounting trust company was designated executor and trustee in the will and duly qualified in both capacities. The will authorizes the trustee " to continue to hold any investments which may form a part of my estate at the time of my death and to invest in such stocks, bonds or other securities as it shall deem best without limitation to those classes of securities in which trust funds are permitted by law to be invested."

The legacies, were paid in full by cash. The trust funds were set up as follows:

(a) Cash on account of principal in each of the trust funds, $500, $1,000.

(b) One-half participation of each trust fund in the bond and mortgage of the Meta Investing Co., Inc., covering premises 229 East One Hundred and Sixty-second street, Bronx, New York city, due August 4, 1935, with interest at six per cent per annum (each $15,000), making a total second mortgage of $30,000.

(c) A $3,500 participation of each trust fund in the Dorsey-Massimino mortgage on 207–209 East One Hundred and Sixty-third street, Bronx, New York city, making a mortgage of $7,000.

(d) A $11,000 participation of each trust fund in the bond and first mortgage, covering premises 390–394 East One Hundred and Sixty-first street, Bronx, New York city, making a mortgage of $22,000.

The residuary legatees have each received certain jewelry, a participation in a bond and mortgage and a three-tenths share of stock in a corporation controlled by the decedent at the time of his death.

The special guardian contends that in setting up the trusts, which according to the will should aggregate $60,000, the executor and trustee have included bonds and mortgages at their face value

totaling $59,000, when in fact they are actually worth less than that sum, and that in so doing, after paying the other legatees in cash, they have discriminated against the *cestuis que trustent.*

Where the executor and the trustee are separate entities, the receipt of the trust legacies by the trustee discharges the executor as to the payment of the trust legacies. (*Villard* v. *Villard*, 219 N. Y. 482.) In such a case the trustee would represent the beneficiaries of the trust upon the executor's accounting, and it would be unnecessary to cite the *cestuis que trustent.* (*Matter of Haag*, 100 Misc. 249.)

The referee takes the view that for the purposes of this accounting the executor and trustee must be considered as different entities. If he is correct, the objection of the special guardian to the executor's account is premature and must be reserved for the trustee's accounting, and the objections were properly dismissed. It has been held that where the accountant is in effect accounting to himself, a decree would not be binding upon interested persons unless they were cited. (*Fisher* v. *Banta*, 66 N. Y. 468, 482; *Matter of Haigh*, 125 Misc. 365.) After the *Haigh* case was decided, the Legislature amended section 262 of the Surrogate's Court Act by adding in 1927 (Laws of 1927, chap. 632, § 1) the following subdivision: " 10. Where an accounting executor, administrator, guardian or testamentary trustee accounts to himself in a separate capacity as the legal representative of a deceased beneficiary of the estate, or as a trustee, or as guardian of an infant beneficiary, or as the committee of an incompetent it shall not be sufficient to cite or obtain the appearance of the accounting party in such separate capacity only, but in addition there shall be cited all persons interested in the estate of the deceased beneficiary, the infant or the incompetent beneficiary, and all persons interested in the trust of which the accounting party is trustee."

By that enactment it became necessary to cite the remaindermen in the instant case. Its very purpose is to prevent an executor from taking advantage of his dual relationship to evade his liability as executor in a transaction with himself as trustee, and to permit interested persons to make timely objections to his executorial acts. The trust beneficiaries are parties to this accounting. The make-up of these trusts is one of the matters embraced in the account. It follows, therefore, that objection must be made at this time as a decree settling the account as filed would approve the trusts as set up and be conclusive as against all parties to this proceeding. (Surr. Ct. Act, § 274.) The value of the mortgages included in the trust as of December 5, 1930, the date of the transfer to the trustee, should be ascertained. Such appraisement will be directed by order pursuant to section 268 of the Surrogate's Court

Act. Should the assets remaining in the possession of the executor, together with such assets disbursed to the residuary legatees, be insufficient to make up the sum applicable to the trust funds, the special guardian's objection to the payment of certain claims becomes material.

An examination of the account discloses that a $2,500 mortgage credited to the executor in Schedule C in payment of a claim, and a $1,500 participation in another mortgage credited to the executor as a payment to residuary legatees in Schedule E, have not been included in Schedule A.

The report is remitted to the referee with instructions to proceed in accordance with this opinion and to report his findings and conclusions upon the merits of the issues before him. Settle order.