In the Matter of the Accounting of DAVID BANDLER, as Administrator c. t. a. of the Estate of J. WHITWORTH BUCK, Deceased, Appellant.

MAREE W. SHAFFER et al., Respondents.

Second Department, December 29, 1943.

*David Bandler* appellant in person.

*Ralph A. McClelland* for respondents.

Lewis, J. On October 2, 1934, J. Whitworth Buck and his wife, Eugenie A. Buck, executed wills prepared for them by David Bandler, the appellant. Whitworth's will named Eugenie as his sole legatee. Her will contained a similar provision in Whitworth's favor. Each will further provided that in the event the sole legatee in either will predeceased the testator or testatrix, the estate involved should pass to seven other relatives, including the respondents, L. Richmond Wharton and Maree Wharton Shaffer.

J. Whitworth Buck died on December 16, 1934. His widow qualified as his executrix on January 21, 1935, and, having survived her husband, became his sole legatee. On October 17, 1935, Eugenie was adjudicated an incompetent and David Bandler was appointed as her committee. Subsequently, on November 6, 1935, Bandler was also appointed as administrator c. t. a. of the estate of J. Whitworth Buck.

The appellant, as administrator of the J. Whitworth Buck estate, filed an intermediate account for the period from November 6, 1935, to April 21, 1936; and a decree was entered upon that accounting dated March 26, 1937. Thereafter the appellant, as administrator, filed a final accounting for the period from April 21, 1936, to December 31, 1936, which was settled by a decree dated December 31, 1937.

On both these accountings the appellant, as administrator of J. Whitworth Buck's estate, accounted to himself as committee of Eugenie A. Buck. On both occasions the appellant stated that the incompetent was the sole legatee and party interested in the decedent's estate. The Surrogate's attention was not called to the existence of relatives of the incompetent, nor did the appellant advise the Surrogate of the provisions of the incompetent's will favoring such relatives. Neither the respondents nor any of the incompetent's other relatives were served with any citation upon either of these accountings.

On April 8, 1939, Eugenie A. Buck died. The appellant qualified as executor of her estate.

The foregoing uncontradicted facts are set forth in the respondents' affidavit upon a motion made to vacate the decree dated December 31, 1937, settling the appellant's account as

administrator c. t. a. of the estate of J. Whitworth Buck, so that objections to the account might be filed. The order appealed from vacates the decree and provides that, upon proper request therefor, a supplemental citation directed to all the residuary legatees under the will of Eugenie A. Buck, deceased, or the legal representative of any deceased legatee, shall be issued.

The appellant contends that under the provisions of subdivision 10 of section 262 of the Surrogate's Court Act he was not required, as administrator of Whitworth's estate, in accounting to himself as committee of the incompetent Eugenie, to cite the respondents or the other persons named in Eugenie's will.

Section 262 of the Surrogate's Court Act in its introductory paragraph, provides: '' Upon a voluntary judicial settlement of the account of an executor, administrator, guardian or testamentary trustee there must be cited: ''. Then follow nine subdivisions requiring the citation of the persons usually interested in an accounting, such as creditors, sureties, coexecutors, coadministrators, coguardians, cotrustees, successors, and the Attorney-General where there are no heirs or next of kin, widows and devisees.

Subdivision 10 of section 262, which was added in 1927, insofar as it is pertinent, reads as follows: '' Where an accounting * * * administrator * * * accounts to himself in a separate capacity * * * as * * * the committee of an incompetent it shall not be sufficient to cite or obtain the appearance of the accounting party in such separate capacity only, but in addition there shall be cited all persons interested in the estate of * * * the incompetent beneficiary * * *.'' The section also provides that where a Surrogate dispenses with service upon any person having an interest of less than $500, the account shall not be conclusive as to such person.

The appellant concedes that the purpose of subdivision 10 of section 262 is to protect those interested in the incompetent's estate, rather than the incompetent, but argues that '' persons interested '' are only those who have a definite, specific, vested pecuniary interest at the time of the accounting. The appellant relies upon *Matter of Hoyt* (55 Misc. 159); *Matter of Redfield* (94 Misc. 20); *Matter of Zimmerman* (104 Misc. 517); *Matter of Haigh* (125 Misc. 365); *Matter of Purcell* (137 Misc. 727); *King* v. *Talbot* (40 N. Y. 76) and *Matter of Hall* (164 N. Y. 196). None of these cases was concerned with the problem of identifying persons interested in the estate of an incompetent. Nor did they interpret subdivision 10.

*Matter of Busto* (258 App. Div. 980, affirming 173 Misc. 25), relied upon by the respondents, arose under subdivision 10, but did not relate to an incompetent's estate. There this court sustained an order vacating a decree settling the accounts of Leo J. Busto, as trustee under his father's will, where he had accounted to himself as executor and trustee under his mother's will, without citing upon the accounting his sister and her two children who were beneficiaries under the mother's will. Other cases which have arisen under subdivision 10 are *Matter of Massimino* (143 Misc. 119); *Matter of Pratt* (143 Misc. 751); *Matter of Harjes* (170 Misc. 431); *Matter of Campbell* (38 N. Y. S. 2d 827 [not officially published]) and *Matter of Gibson* (40 N. Y. S. 2d 727 [not officially published]). In all these cases it has been held that the representative of one estate would not be permitted to account to himself alone as the representative of the estate of a deceased beneficiary.

Even apart from statute, it was held that where a person acting in a representative capacity accounted to himself in another representative capacity, persons interested in the estate of the beneficiary would not be bound unless they were cited and permitted to make timely objections to the representative's acts. (*Fisher* v. *Banta,* 66 N. Y. 468; see, also, *Matter of Massimino, supra;* and *Matter of Haigh, supra.*) Subdivision 10 merely codified the rule stated in the *Fisher* case (*supra*).

The Surrogate's Court Act contains no provision specifically identifying the persons described in subdivision 10 of section 262 as '' interested '' in the estate of the incompetent. Such identification must, therefore, be sought in the provisions of article 81 of the Civil Practice Act relating to the appointment, powers and duties of committees.

A test of a person's '' interest '' in the estate of an incompetent may be found in the existence or nonexistence of a requirement that he be cited on an accounting by the committee of an incompetent. Subdivision 3 of section 1381 of the Civil Practice Act requires that notice of the filing of a committee's intermediate or final accounting be given '' in the manner in which and to the persons to whom notice of application for the appointment of a committee of the person or property of an alleged incompetent person, lunatic, idiot or habitual drunkard is required to be given by this article.''

Section 1360 of the Civil Practice Act requires notice of the presentation of a petition for the appointment of a committee to be given to the husband or wife, if any, or to one or more relatives of the person alleged to be incompetent, or to an

institutional officer. Such notice must be given in a manner the court deems proper, unless sufficient reasons for dispensing therewith are set forth in the petition or accompanying affidavit. Under subdivision 4 of section 1374 of the Civil Practice Act, where the incompetent is in an institution, such notice of application for the appointment of a committee is required to be given personally to the incompetent, to the husband or wife if known to the petitioner, or if unknown, to the next of kin named in the petition, and to the officer in charge of the institution where the incompetent is an inmate.

In *Matter of Hidden* (243 N. Y. 499), it was held that the husband of an incompetent was *entitled* to notice of the filing of the committee's account and of the application for judicial settlement thereof, but that he was not entitled to compensation for services rendered on such accounting or to charge the committee personally for such expense. In that case Judge LEHMAN wrote (p. 515): " The husband of the incompetent is entitled to notice of the filing of the account and the application for the judicial settlement thereof. (Civ. Prac. Act, sections 1360, 1381.) He is a party to the proceedings and may file objections to the account if he sees fit; but, at least after the appointment of the special guardian, he does not represent the wife, and if he continues to participate in the proceedings he does so merely as a party who has a personal interest, pecuniary or otherwise, in the outcome."

From *Matter of Hidden* (*supra*) it follows that the incompetent's spouse, or if none is living and known, one or more relatives or the next of kin of the incompetent, are entitled to notice of the accounting, unless such notice is dispensed with by court order. Such persons, being entitled to notice of the appointment of a committee, are to be considered " persons interested " in the incompetent's estate. This conclusion is reinforced by the recognition required to be granted to the recommendations of relatives and next of kin in the selection of the person to be named as committee. (*Matter of Rothman,* 263 N. Y. 31.) And it is further fortified by the decision in *Matter of Flagler* (248 N. Y. 415) permitting allowances to be made out of the income of an incompetent for the support of a cousin upon the theory that the lunatic would in all probability have made such payments had she been of sound mind.

Here the incompetent's husband had predeceased her and it is not disputed that the respondents, together with five other persons, were the incompetent's next of kin. They must, therefore, be held to have been " persons interested " in the incom-

petent's estate. As such, they were entitled to be cited under subdivision 10 of section 262 of the Surrogate's Court Act. And the decree, obtained by the appellant without notice to the respondents, was properly vacated upon their application.

The order should be affirmed, with ten dollars costs and disbursements to respondents, payable out of the estate.

CLOSE, P. J., CARSWELL, JOHNSTON and TAYLOR, JJ., concur.

Order of the Westchester County Surrogate's Court affirmed, with ten dollars costs and disbursements to respondents, payable out of the estate.