In the Matter of the Construction of the Will of SAMUEL WOHLSTADTER, Deceased.

Surrogate's Court, Kings County, July 27, 1955.

*Jay A. Gilman* for O. Ogden Herson, as executor of Samuel Wohlstadter, deceased, petitioner.

Moss, S. In this construction proceeding the court must determine the manner of computing the residuary trust created for testator's widow. The question is presented because of an option granted to testator's son, Jerome, under paragraph " Eighteenth " of the will, to purchase testator's interest in a closely held corporation at 25% of its book value. The widow contends that her trust must be set up without regard to the benefit conferred on the son and her trust computed on the full value of testator's interest in the corporation.

The trust provision for the widow is contained in paragraph " Eleventh " of the will, under which testator gives and bequeaths to his trustees 50% of his residuary estate to be held for the benefit of his widow with income thereof payable to her for her life, with provision for invasion of corpus for her benefit under certain conditions if the income is less than a stated sum. Paragraphs " Twelfth " and " Fourteenth " dispose of the remainder of the trust on the widow's death or in the event she should predecease testator. Paragraph " Thirteenth " recites that the provisions in the will, which, in addition to the trust, consist of a legacy of all jewelry, household effects, silverware and automobile and a general legacy of $5,000, are in lieu of dower, election and statutory rights in the estate. The widow is also given a general power of appointment of the remainder of her trust by will.

The balance of the rest, residue and remainder of the estate is given under paragraph " Fifteenth," in equal shares, to testator's five children or to their issue, should they predecease testator, or to their respective executors or administrators in default of issue. The will lacks any provision or indication from which the court may determine that it was the testator's intention that the residuary trust for the widow was to be computed other than in the accepted manner. In the absence of such provision the court concludes that the trust of 50% of the residuary estate must be computed on the basis of the proceeds of the sale of testator's interest in the corporation sold to testator's son in accordance with the formula prescribed in paragraph " Eighteenth " of the will and not on the full book value thereof.

That the residuary clauses in the will do not follow all the dispositive provisions or benefits granted thereunder is of no controlling consequence (*Matter of Weiss,* 124 Misc. 413; *Matter of Snowden,* 140 Misc. 870, mod. 235 App. Div. 862). The posterior position of the provision for the option granted the son, from the exercise of which he obtained substantial benefit, indicated a subsequent intention to cut down the value of the residuary trust for the widow (*Matter of Green,* 104 N. Y. S. 2d 954; *Matter of Randall,* 77 Misc. 41, 43; *Matter of Sandford,* 81 N. Y. S. 2d 377). The residue of an estate consists of the balance remaining after satisfying all legacies, devises, gifts, benefits, losses and expenses (*Matter of Goggin,* 43 Misc. 233; *Matter of Henry,* 153 Misc. 208; *Matter of Langdon,* 182 Misc. 84). To say that here testator intended that the half of his residuary estate bequeathed to his five children was to bear alone the depletion in estate assets by the exercise of the option by his son, is to impute to him an intention not apparent in his general testamentary scheme. Considering the generous provisions made for his widow the court is of the opinion that the benefit granted to his son, Jerome, through the option granted to purchase his interest in the corporation at less than its market or book value was to be borne by the residuary.

The court accordingly determines that the residuary trust for testator's widow is to be computed on the proceeds of the sale of his interest in the corporation and not on the market or book value thereof. Settle decree on notice.