James S. Brown,
Justice of the Supreme Court and Acting Surrogate. The testator herein during his lifetime and at the time of his death was the owner of one third of the capital stock of three corporations. The other two thirds of the stock were and still are owned, in equal shares, by two other persons. The three stockholders and the corporations entered into agreements, one of such agreements being applicable to each of the three corporations, whereby it was provided that none of the parties should sell, assign, transfer, dispose of or pledge any of the shares of stock of the corporation without having first offered the stock for sale to the remaining stockholders under the terms and conditions set forth in the agreement. In the event that the remaining stockholders, within the time specified, should not avail themselves of the offer, the offeror might offer his stock for sale to any other person. The agreements further provide that in the event of the death of any of the parties to the agreements the legal representatives of the deceased party shall sell and the corporations shall purchase his entire interest in such corporation on the terms and conditions therein set forth. In each instance a voting trust agreement was also made.
Testator died June 18, 1960, and his will, wherein he left all his estate to his widow and nominated her as executrix, was duly probated in this court and letters testamentary thereunder issued to his widow.
Thereafter each of the three corporations instituted a proceeding in this court to compel the indorsement and delivery by the executrix and the two surviving stockholders to the corporate petitioner of the stock of such corporation owned by testator. *966 . . Each petition alleges that within the time set forth m the agreement the corporation paid to the executrix the amount claimed to be the percentage of the value of the testator’s stock, fixed pursuant to the agreement, as the down payment provided and also the monthly payments, also as provided by such agreement. The petitioners state that such payments were received and accepted by the executrix. The petition in the proceeding instituted by one of the three corporations, Pickwick Papers, Inc., was filed December 9, 1960, and the petitions in the other two proceedings, one by Dickens Realty Corp., and the other by United Printed Box Wraps, Inc., were filed March 16, 1961. None of the petitions state the particular section or sections of the Surrogate’s Court Act under which the proceeding is instituted but each, in effect, is for the specific performance of the agreement affecting the corporate petitioner.
Citation in each proceeding was served on the executrix. The two surviving stockholders of the three corporations appear in each of the proceedings by duly acknowledged authorizations to their attorneys and notices of appearance were duly filed by such attorneys in their behalf. Their attorneys are the same attorneys appearing for each of the petitioners.
The executrix now moves to dismiss all three proceedings on the ground this court lacks jurisdiction of the subject matters of such proceedings and that it cannot grant full and complete relief in the premises. Her affidavit in support of her motion states that she does not have physical possession of such stock certificates, which, she believes, are in the possession of the two surviving stockholders; that in order to obtain a full and complete adjudication of the disputes which had arisen among the parties she was constrained to institute an action in the Supreme Court, New York County, wherein she, as the testator’s executrix, is the plaintiff and the three corporations and the two surviving stockholders thereof are the defendants. She states that the summons and complaint in the action were served on all the defendants in February, 1961 after the first proceeding was started in this court. In such action she demands judgment in specified amounts against each corporate defendant and against all of the defendants in a specified amount as the value of testator’s stock in the corporations and as damages for failure to comply with the terms of the agreements for purchase of testator’s stock interest in the corporations.
The respondent executrix has filed no answer to any of the petitions but has made these motions to dismiss the three proceedings. For the purpose of disposing of the motions the *967 allegations of the petitions must be assumed to be true. The complaint of the executrix in her Supreme Court action does not attack the validity of the agreements for the sale and purchase of testator’s stock in the respective corporations but seeks performance thereof by the defendants, claiming that the basis of the evaluation of testator’s stock alleged by the defendants is not in accordance with the provisions of the agreements.
None of the parties in these three proceedings challenges the validity of the agreements. They all seek to enforce them. No other persons have any interest therein. The only apparent dispute appears to be the basis, under the provisions of the agreements, for the computation of the amount required to be paid by the corporations for testator’s stockholdings. Such determinations would involve only the construction of the agreements as to the point of time and the manner in which the evaluation of the stock should be made. That point having been resolved there would remain only the mathematical calculation of the value of testator’s stock. Although such determination may require the examination of the books, records and operations of the corporations by accountants no compelling reason has been advanced why it is not within the jurisdiction of this court to pass upon and resolve any disputes between the parties and fix the value of testator’s stock within the provisions of the agreements.
Aside from the present accepted policy that matters involving decedents’ estates should be concentrated within Surrogate’s Courts (Matter of Haigh, 125 Misc. 365; Matter of Coombs, 185 App. Div. 312; Matter of Beall, 184 Misc. 881; Matter of Raymond v. Davis, 248 N. Y. 67) the provisions of section 40 of the Surrogate’s Court Act, would appear to be peculiarly applicable. The original section read:
“ Each surrogate must hold, within his county, a court, which has, in addition to the powers conferred upon it, or upon the surrogate, by special provision of law, jurisdiction, as follows:
“ To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires ”. (L. 1914, ch. 443.)
*968 In 1921 the Legislature added the paragraphs immediately following, reading: “ In addition to and without limitation or restriction on the foregoing powers, each surrogate or surrogate’s court shall have power, in the cases and in the manner prescribed by statute ”.
Then follows various specific powers.
In commenting on the section, particularly the amendment of 1921, the Court of Appeals in Matter of Raymond v. Davis (248 N. Y. 67, 72) said: “ The amendment gives notice that the powers that are specific shall hereafter be read as being ‘ in addition to and without limitation or restriction on ’ the powers that are general (Matter of Van Buren v. Est. of Decker, 204 App. Div. 138; Matter of Haigh, 125 Misc. Rep. 365, 367, 368; cf. Matter of Kenny, 92 Misc. Rep. 330). 6 Concentration of jurisdiction as to decedents’ estates’ (per Foley, S., in Matter of Haigh, supra) is the purpose clearly revealed in the statutory scheme.”
In Matter of Ruszkiewicz (41 N. Y. S. 2d 437, affd. 266 App. Div. 709 [March 10, 1943]) the decedent had entered into a contract with petitioner providing for the sale of the stock of a corporation in decedent’s name at the time of his death. After decedent’s death the petitioner’s dem'and for the indorsement and delivery to him of the stock certificates having been refused petitioner instituted a proceeding under section 206-a of the Surrogate’s Court Act for delivery to him of such certificates. The respondent executors specifically raised the question of jurisdiction of the Surrogate. The Surrogate overruled the objection and decided the proceeding on the merits.
In Matter of Galewitz (206 Misc. 218, affd. 285 App. Div. 947 [March 29, 1955], motion for leave to appeal to .the Court of Appeals denied 285 App. Div. 1049) testator and his son owned all the stock of a corporation. They entered into a contract whereby they agreed that the survivor should have the option to buy on certain terms, prices and conditions all the shares of the stock of the corporation owned at his death by the party first dying. After testator’s death the son notified the executors of his intention to exercise his option under the contract and on their refusal to comply with the son’s demand for delivery of the stock he instituted a proceeding to determine the validity of the contract. The Surrogate determined, among other things that the contract was valid and enforcible.
Thereafter the matter was again before the Surrogate, among other things for the review of the findings of the accountant appointed by him to determine the value of the stock in accordance with the formula fixed in the contract. The Surrogate *969 directed an adjustment of the audit. (Matter of Galewitz, 3 Misc 2d 197, mod. on other grounds 3 A D 2d 280, affd. 5 N Y 2d 721 [June 25,1958].)
In the course of his opinion the Surrogate said (p. 205): “ So that there shall be no doubt of the jurisdiction to adjudicate the issue framed by the motion, let it be made plain at the outset that the decree directing specific performance of the agreement, affirmed as it was by the Appellate Division, necessarily required the existence of such authority in this court as a basis for its action. Certainly, therefore, the questions created by the objections to the report fall clearly within the limits fixed by the Legislature in defining the court’s jurisdiction (Surrogate’s Ct. Act, § 40; Matter of Raymond v. Davis, 248 N. Y. 67) and, as a consequence, the Surrogate is empowered to see to it that the audit by the accountant, acting by his appointment, conforms to the ordinary stricture of the law of contracts (Matter of Bausch, 270 App. Div. 418; Aron v. Gillman, 309 N. Y. 157; Matter of Wohlstadter, 208 Misc. 566).”
The court is not unmindful of Matter of Trevor (309 N. Y. 389) which was a proceeding in discovery to recover a bank account. The Court of Appeals reversed both the Surrogate and the Appellate Division, holding that the relationship of the bank and the depositor was that of debtor and creditor and that discovery under section 205 of the Surrogate’s Court Act did not lie for recovery of a common debt. Quoting from Jessup-Redfield, Surrogates’ Law and Practice (vol. 4, § 3058) and citing cases therein stating that discovery was not available for collection of a common debt the court said (p. 393): “ The underlying theory of those cases is that the Legislature has, by means of a discovery proceeding, vested in the Surrogate’s Court jurisdiction to aid a personal representative in his duty to recover property of the decedent or of the estate or the proceeds of the sale of such property but has not vested in the Surrogate’s Court jurisdiction over actions at law for the recovery of common debts or to enforce ordinary contract obligations and that an action to establish and enforce a debt must still be brought in the common-law forums.”
After the decision in Matter of Trevor (supra) which was rendered December 28, 1955, the Legislature at its next session amended section 205 of the Surrogate’s Court Act to permit recovery in a discovery proceeding of a deposit in a bank or trust company in the name of a decedent in which the depositary claims no beneficial interest. It would seem further that by reason of the affirmance by the Court of Appeals on June 25, *970 1958 of the Appellate Division decision in Matter of Galewitz (supra) it did not deem a situation such as the one here presented as one “ to enforce ordinary contract obligations ” over which it had stated previously in Matter of Trevor (supra), the Surrogate’s Court had no jurisdiction.
The petition in the proceeding instituted in this court seeking the enforcement of the agreement made by testator and Pickwick Papers, Inc., was filed December 9, 1960, and jurisdiction obtained of all the parties before the action in the Supreme Court, New York County, was commenced by the widow executrix. The proceedings by Dickens Eealty Corp., and United Printed Box Wraps, Inc., were instituted thereafter but involve substantially the same questions as the proceeding by Pickwick Papers, Inc. It is the general and usually accepted rule where separate actions or proceedings have been commenced between the same parties in reference to the same subject matter in courts having concurrent jurisdiction the court first obtaining jurisdiction should continue to exercise it (Colson v. Pelgram, 259 N. Y. 370; Wood v. Chenango County Nat. Bank & Trust Co., 282 App. Div. 283; Matter of Bonynge, 31 N. Y. S. 2d 14).
The motions to dismiss the proceedings are, in all respects, denied. The respondent executrix may have 20 days after service upon her attorneys of the order to be made herein to serve and file her answers to the petitions.