OPINION OF THE COURT
Renee R. Roth, S.
The Arizona guardian of Florrie Bowers, an Arizona domiciliary under disability, seeks letters of guardianship of his ward’s New York property which consists of her interest as sole distributee of her son, who died intestate domiciled in New York County. Petitioner makes this application to acquire standing to apply for letters of administration in the son’s estate (SCPA 1001 [2]).
The current law governing the appointment of fiduciaries for incapacitated persons (Mental Hygiene Law art 81) is a recent enactment (L 1992, ch 698, § 4) which authorizes the appointment of a guardian for adults in need of assistance and provides for their personal needs, as well as property management. Jurisdiction over what was described under prior law as the appointment of conservators was vested exclusively in the Supreme Court until 1981, when the Surrogate’s Court was granted limited jurisdiction where the allegedly impaired person has a beneficial interest in an estate (Mental Hygiene Law former § 77.01, as amended by L 1981, ch 362, § 4). This jurisdiction was continued in section 81.04 of the Mental Hygiene Law. Under subdivision (a) of such section, jurisdiction over these proceedings is conferred on the Supreme Court and the County Courts outside the City of New York where the allegedly impaired person is: (1) a resident of the State; (2) a nonresident present in the State; (3) a nonresident pursuant to section 81.18. (It is noted parenthetically that section 81.18 provides for the appointment in New York of a foreign guardian based upon such guardian’s appointment in the ward’s domicile.)
Subdivision (b) of section 81.04 provides that the Surrogate’s Court can also exercise jurisdiction: "when it appears in any proceeding in the surrogate’s court that a person interested in an estate is entitled to money or property as a beneficiary of the estate * * * and that the interested person is a resident of, or is physically present in, the county in which the proceeding is pending”.
*300 Read literally, section 81.04 (b) does not appear to confer jurisdiction on the Surrogate’s Court in the instant case, since Mrs. Bowers, although entitled to New York property as sole beneficiary of her son’s estate, is not a resident of, or physically present in, New York County. Furthermore, subdivision (a) (3), which permits the appointment of a foreign guardian of a ward who is not present in the State, expressly applies only to the Supreme Court and County Courts outside New York City.
Another provision of article 81 must also be mentioned, namely section 81.05 which governs venue. Although such section states that the proceeding must be brought in the county in which the alleged incapacitated person "resides, or is physically present,” it also provides that "[i]f the person alleged to be incapacitated is not present in the state * * * the residence shall be deemed to be in the county in which all or some of such person’s property is situated.” (Mental Hygiene Law § 81.05 [a].) The two above-quoted statutes appear to be inconsistent but venue is clearly subordinate to jurisdiction. The expanded description of "residence” contained in section 81.05 should, however, be applicable to section 81.04 (b) in cases involving New York estates. An amendment of such section would eliminate the uncertainty surrounding the jurisdiction of the Surrogate’s Court, which was also present in former article 77 of the Mental Hygiene Law (see, Matter of Fabell, 121 Misc 2d 176).
In the meantime, statutes enacted concurrently should be construed to harmonize whenever possible. Furthermore, it is well settled that statutes should not be interpreted in a manner that would attenuate constitutionally based jurisdiction (see, Matter of Piccione, 57 NY2d 278, 290-291). It is observed that although article 81 of the Mental Hygiene Law confines the jurisdiction of the Surrogate’s Courts to the appointment of guardians solely for an impaired beneficiary of an estate, such limitation was specifically requested by the Surrogates’ Association of New York as more compatible with our court’s traditional jurisdiction over the administration of estates. There is no indication that section 81.04 of the Mental Hygiene Law was intended to narrow the broad jurisdiction of the Surrogate’s Courts with respect to matters affecting the affairs of decedents (NY Const, art VI, § 12; SCPA 201 [3]; see, Matter of Piccione, supra). Allowing the foreign fiduciary to qualify as guardian of the property in this court simply permits him to establish his status in order to be appointed *301 administrator of the estate in which his ward is interested (SCPA 1001, 103 [21]). It is also noted that under EPTL 13-3.5, assets may be distributed without court order to a foreign fiduciary who is authorized to receive them.
Finally, it is well established that judicial fragmentation does not serve either litigants or the court system and that matters affecting the affairs of decedents’ estates should be concentrated in the Surrogate’s Court (see, Matter of Raymond v Davis, 248 NY 67, 72; Matter of Haigh, 125 Misc 365, 368). Were this court to decline to act, petitioner would have to bring a proceeding in the Supreme Court to be appointed as New York guardian and then return to this court to institute a proceeding for letters of administration. Where, as here, a foreign guardian appointed at the ward’s domicile requires appointment in this State to administer the assets of a decedent’s estate, article 81 of the Mental Hygiene Law should not be construed to require proceedings in two courts.
Based upon the foregoing, the court will entertain this application by the foreign guardian for letters of guardianship of the property.